UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>GREATER SOUTHEAST COMMUNITY HOSPITAL CORP., I, *et al.*,<br><br>　　　　　　　　　*Debtors.* | Chapter 11<br><br>Jointly Administered<br>Bankruptcy Case No. 02-2250<br>Judge S. Martin Teel, Jr. |
| SAM J. ALBERTS, TRUSTEE FOR THE DCHC LIQUIDATING TRUST,<br>701 13TH STREET, N.W.<br>WASHINGTON, D.C. 20005,<br><br>　　　　　　　　　*Plaintiff,*<br><br>　　　　v.<br><br>HCA INC. AND GALEN HOSPITAL ILLINOIS, INC.,<br><br>　　　　　　　　　*Defendants.* | Adv. Proc. No. 04-10366<br><br>Dist. Court No. 06-MS-00088-RMU |

## **LIQUIDATING TRUSTEE'S MOTION FOR ATTORNEY'S FEES**

Pursuant to Rule 45(c)(1) of the Federal Rules of Civil Procedure, Sam J. Alberts, the Liquidating Trustee for The DCHC Liquidating Trust ("Trustee"), respectfully requests that the Court direct HCA Inc. ("HCA") and Galen Hospital Illinois, Inc. ("Galen" and collectively referred to along with HCA as the "Defendants") to pay him $2,271.50 as reasonable attorney's fees associated with the filing of his February 24, 2006 Motion to Quash (and Request for Abstention) ("Motion To Quash"). The Motion To Quash was filed in connection with third-party subpoenas issued out of this Court by the Defendants and directed to Martin L. Cohen (Ex. 1) and Neil H. Demchick (Ex. 2). In further support, the Trustee states as follows.

## STATEMENT OF FACTS

I.      **The DCHC Liquidating Trust And The Lawsuit Against HCA And Galen**

Sam J. Alberts is the Liquidating Trustee for The DCHC Liquidating Trust ("Trust"), which was formed under an entered order confirming a bankruptcy plan of reorganization (the "Plan") in *In re: Greater Southeast Community Hospital Corp. I*, Case No. 02-2250 (SMT), Jointly Administered (Chapter 11), in the United States Bankruptcy Court for the District of Columbia ("Bankruptcy Court"). Under the Plan, the Trustee is authorized to commence various actions and adversary proceedings. Pursuant to such authority, the Trustee instituted more than 300 separate lawsuits to collect funds. The Trustee operates under a limited pool of funds.

On November 19, 2004, pursuant to the authority vested in him under the Plan, the Trustee commenced the subject adversary proceeding against the Defendants for money paid to the Defendants that the Trustee avers constitutes a recoverable fraudulent conveyance.

On April 8, 2005, the Defendants filed a "Motion To Dismiss Amended Adversary Complaint" ("Motion To Dismiss"). After briefing the issues, the Court denied the Motion to Dismiss.

Thereafter, the Bankruptcy Court issued a scheduling order. Pursuant to that scheduling order, the parties have engaged in discovery and several discovery disputes have arisen.

On January 31, 2006, HCA and Galen indicated their desire to depose Martin L. Cohen (a member of the advisory Trust Committee) and Neil Demchick (an expert witness retained by the Trust but not yet designated as a testifying witness). Ex. 3.[1] The Trust responded to this letter on February 8, 2006. Ex. 4. In this letter, the Trust informed the Defendants that Mr. Cohen did not possess any relevant, non-privileged information and that his deposition was sought for

---

[1] Although not relevant to the immediate motion, Defendants also sought to depose the Trustee.

purposes of harassment and to unduly burden the Trust. As to Mr. Demchick, the Trust noted that it may well designate him as an expert witness in this matter, in which case a deposition of Mr. Demchick was premature. The Trust further noted that, even if it did not designate Mr. Demchick as an expert witness, he would still be a non-testifying witness, in which case he could be deposed only if "exceptional circumstances" were present.

Defendants responded by letter on February 10, 2006. Ex. 5. Accompanying Defendants' letter were third-party subpoenas issued to Messrs. Cohen and Demchick. The subpoenas were issued out of this Court, rather than the Bankruptcy Court.

On February 14, 2006, the Trust again sought to persuade HCA and Galen to voluntarily withdraw these deposition requests. Ex. 6.

On February 15, 2006, by separate letter, the Trust asked for the Defendants' agreement that, to the extent that they would not withdraw their pending subpoenas, that the Bankruptcy Court should entertain the Trust's motion for relief at the March 10, 2006, hearing currently scheduled with respect to other discovery disputes in this action. Ex. 7.

On February 16, 2006, the Defendants stated that they were agreeable to the Bankruptcy Court entertaining the Trust's request for relief at the March 10, 2006 hearing. Ex. 8.

On February 17, 2006, the Trust wrote a letter to the Defendants in which it asked the Defendants whether they would treat the outstanding subpoenas as having been issued by the Bankruptcy Court (so as to obviate the need for the Trust to seek additional relief in this Court). Ex. 9. The Defendants did not respond to this letter.

On February 21, 2006, the Trust filed a motion in the Bankruptcy Court that sought, among other things, a protective order barring discovery of Messrs. Cohen and Demchick.

WASHINGTON 913938 (2K)

On February 24, 2006 (because the Defendants failed to the Trust's February 17, 2006 letter), the Trust filed its Motion To Quash with this Court in order to protect Messrs. Cohen and Demchick from findings of contempt for failure to obey the Defendants' subpoenas. Ex. 10.

On March 7, 2006, the Defendants withdrew the subpoenas directed at Messrs. Cohen and Demchick. Ex. 11.

On March 10, 2006, the Bankruptcy Court granted the Trust's motion for protective order and barred the Defendants from taking discovery of either Mr. Cohen or Mr. Demchick.

The DCHC Liquidating Trust will be billed $2,271.50 for fees associated with the preparation and filing of the Motion To Quash. Declaration of Lucius B. Lau, dated March 17, 2006, at ¶ 7.

## ARGUMENT

I.  **THE STANDARD OF REVIEW**

Rule 45(c)(1) of the Federal Rules of Civil Procedure provides that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps *to avoid imposing undue burden or expense* on a person subject to that subpoena" (emphasis added). Rule 45(c)(1) further provides that [t]he Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings *and a reasonable attorney's fees*" (emphasis added).

II. **THE LIQUIDATING TRUSTEE IS ENTITLED TO HIS REASONABLE ATTORNEY'S FEES ASSOCIATED WITH THE FILING OF HIS MOTION TO QUASH**

The Liquidating Trustee is entitled to his reasonable attorney's fees associated with the filing of his Motion To Quash because HCA and Galen imposed undue burden and expense by serving third-party subpoenas upon Martin Cohen and Neil Demchick.

"Sanctions are properly imposed and attorney's fees are awarded where, as here, the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 WL 23018833 at *9 (S.D.N.Y. Dec. 23, 2003) (citation omitted). In this instance, there was never a need for HCA and Galen to issue subpoenas out of this Court. The Bankruptcy Court possesses full authority to issue its own subpoenas to compel the testimony of third parties. *See* Fed. R. Bankr. P. 9016 ("Rule 45 F.R.Civ.P. applies in cases under the Code"). The Liquidating Trustee brought this fact to the attention of HCA and Galen, specifically asking those entities to treat the subpoenas as having been issued from the Bankruptcy Court. Ex. 9 (letter from Lucius B. Lau to Jeffrey W. Kilduff, dated February 17, 2006). HCA and Galen never responded to this letter. Thus, the Liquidating Trustee was compelled to file the Motion To Quash. *See In re: Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (recognizing that "the rules governing subpoenas and nonparty discovery have a clearly territorial focus" and "failure to comply with such an order is a contempt of that court") (citation omitted).

*After* the Liquidating Trustee filed the Motion To Quash, HCA and Galen withdrew their subpoenas and asked this Court treat the Motion To Quash as moot. Ex. 11. In withdrawing their subpoenas, HCA and Galen recognized that the March 10, 2006 hearing would resolve the discovery dispute concerning Messrs. Cohen and Demchick. *Id.* at 1. But this belated

5

withdrawal of the subpoenas only came after (1) the Liquidating Trustee had brought this issue to the attention of HCA and Galen; and (2) because HCA and Galen did not take corrective action, the Liquidating Trustee incurred the expense of filing his Motion To Quash. The fact that the Bankruptcy Court has since issued a protective order barring HCA and Galen from taking the depositions of Messrs. Cohen and Demchick only highlights the improper nature of the Defendants' discovery tactics.

By issuing improper subpoenas and then withdrawing those subpoenas after the Liquidating Trustee was forced to file a Motion To Quash, HCA and Galen have imposed undue burden and expense in contravention of Rule 45(c)(1) of the Federal Rules of Civil Procedure. Thus, pursuant to that rule, a sanction is warranted. The attached declaration of Lucius B. Lau demonstrates that The DCHC Liquidating Trust will be billed $2,271.50 for fees associated with the preparation and filing of the Motion To Quash. Lau Decl., at ¶ 7. An award of $2,271.50 in attorney's fees is an appropriate sanction for the Defendants' misconduct.

To the extent that HCA and Galen argue that this Court lacks personal jurisdiction over them concerning an award of attorney's fees, the Court should direct the attorney who signed the subpoenas on behalf of HCA and Galen to pay those fees. *See* Fed. R. Civ. P. 45(c)(1) (the Court may "impose upon the party *or attorney* in breach of this duty an appropriate sanction . . . .") (emphasis added).

WASHINGTON 913938 (2K)

## CONCLUSION

For these reasons, the Court should grant the Liquidating Trustee's motion and order HCA and Galen to pay him $2,271.50 as reasonable attorney's fees associated with the filing of his Motion to Quash.

Dated: March 17, 2006                                        Respectfully submitted,

                                                             WHITE & CASE LLP

                                                             By: _____
                                                             Lucius B. Lau (D.C. Bar No. 446088)
                                                             701 Thirteenth St., N.W.
                                                             Washington, D.C. 20005
                                                             tel.: (202) 626-3600
                                                             fax: (202) 639-9355

                                                             *Counsel to Sam J. Alberts,*
                                                             *Trustee for The DCHC Liquidating Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2006, I caused to be served a true and correct copy of "LIQUIDATING TRUSTEE'S MOTION FOR ATTORNEY'S FEES" by first-class mail and electronic mail upon:

| Name and Street Address | Email Address, if any |
|---|---|
| Jeffrey W. Kilduff, Esq.<br>O'Melveny & Myers LLP<br>1625 Eye Street, NW<br>Washington, DC 20006<br><br>(Counsel to HCA Inc. and Galen Hospital Illinois Inc.) | |

_____
Lucius B. Lau