# Exhibit 2

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF __the District of Columbia__

Sam J. Alberts, Trustee for The
DCHC Liquidating Trust
   V.
HCA, Inc. and Galen Hospital
Illinois, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

Adversary Proceeding No. 04-10366 pending
in the United States Bankruptcy Court for
the District of Columbia

TO: Neil Demchick
Maryland First Financial Services Corporation
1637 Thames Street
Baltimore, MD 21231-3430

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| O'Melveny & Myers, LLP, 1625 Eye Street, NW, Washington D.C. 20006 | March 7, 2006 9:00A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE O'Melveny & Myers LLP, c/o Jeff Kilduff<br>1625 Eye Street, NW, Washington D.C. 20006 | DATE AND TIME<br>February 28, 2006 9:00A.M. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] | 2/10/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lani R. Miller          O'Melveny & Myers LLP
(202) 383-5126          1625 I Street, N.W.
                        Washington, DC 20006

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREATER SOUTHEAST COMMUNITY HOSPITAL CORP., I, et al., <br><br>*Debtors*, | Chapter 11 <br><br> Jointly Administered <br> Case No. 02-2250 <br> Judge s. Martin Teel, Jr. |
| SAM J. ALBERTS, TRUSTEE FOR THE DCHC LIQUIDATING TRUST, <br><br>*Plaintiff*, <br><br> v. <br><br> HCA INC. AND GALEN HOSPITAL ILLINOIS, INC., <br><br>*Defendants*. | Adv. Proc. No. 04-10366 |

## SUBPOENA *DUCES TECUM* – SCHEDULE A

TO:  Neil Demchick
     Maryland First Financial Services Corporation
     1637 Thames Street
     Baltimore, MD  21231-3430Neil H. Demchick

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30 and 45, as made applicable herein by Federal Rules of Bankruptcy Procedure 7030, 7045, and 9014, defendants Galen Hospital Illinois, Inc. ("GHI") and HCA Inc. shall take the deposition, upon oral examination under oath of Neil H. Demchick on March 7, 2006, at the offices of O'Melveny & Myers LLP, 1625 Eye Street, NW, Washington, D.C., 20006. The deposition will be recorded by stenographic means before an officer authorized to administer oaths by the laws of the United States or the District of Columbia, such deposition to continue day to day until completed. The deposition also will be videotaped. The deposition is being taken for the purpose of discovery,

for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Rules of this Court.

## INSTRUCTIONS

1. The documents to be produced shall be produced in any original file folders or as they are kept in the usual course of business and shall be sent to the offices of O'Melveny & Myers LLP, c/o Jeffrey Kilduff, Esq., 1625 Eye Street, NW, Washington, D.C., 20006, on or before February 28, 2006 at 9:00 a.m.

2. In the event that any document called for by this request is withheld on the basis of claim or privilege, set forth for each document withheld the following:

   a. a description of the factual and legal basis for the claim of privilege or objection in sufficient detail so as to permit the court to adjudicate the validity of the claim or objection.

   b. a general description of the document including its size, length, form, and subject matter;

   c. the names and addresses of all persons involved in the creation of the document.

   d. the names and addresses of all persons who have had access to the document from the time of its creation to the present;

   e. the date on which the document was created; and

   f. the names and addresses of the recent custodian of the document, and the names and addresses of all persons who have received copies, summaries, or explanations of the document.

3. In the event that any document called for by this request has been destroyed or discarded, or has otherwise left your possession, custody, and control, set forth:

   a. a general description of the document including its size, length, form, and subject matter.

   b. the names and addresses of the person or persons involved in the creation of the document;

2

  c. the names and addresses of all persons who have had access to the document from the time of its creation to the present;

  d. the date on which the document was created;

  e. the names and addresses of the present custodian of the document and the names and addresses of all persons who have received copies, summaries, or explanations of the document;

  f. the date of destruction or discard, the manner of destruction or discard, and the reasons for the destruction or discard; and

  g. the names and addresses of persons authorizing and carrying out the destruction or discard of the document.

4. If a document has been prepared and several copies or additional copies have been made and copies are not identical, each non-identical copy is a separate document.

## DEFINITIONS

Unless otherwise stated, the terms below are defined as follows:

1. "And" means "and/or."

2. "Any" means any and all.

3. "APA" means the Asset Purchase Agreement made and entered into as of July 8, 1998 by and between Michael Reese Medical Center Corporation ("Michael Reese") and GHI.

4. "Closing" means the communication of the transactions contemplated in the APA as set forth in Section 1.10 of the APA.

5. "Concern" or "concerning" means mentioning, discussing, referring to, relating to, describing, constituting, evidencing, supporting, or contradicting the referenced matter.

6. "DCHC" means:

  a. Doctors Community Healthcare Corporation, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, either collectively, individually, or in any subset; and

      b.      The present and former officers, directors, employees, agents, attorneys, law firms, and other persons acting on behalf of DCHC, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, or joint ventures, including any consultant or other agents, including lawyers and law firms; having possession, custody or control of any information called for in these Requests.

7.    "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and includes without limitation any typed writing, notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail) which is or ever has been in Your actual or constructive possession, custody or control, or available or obtainable by you or of which you have knowledge, and includes, without limitation, all originals, copies, drafts (sent and unsent), or other non-conforming copies of every kind.

8.    "Each" means each and every.

9.    "Grant Hospital Corporation" or "Grant Hospital" means:

      a.      Grant Hospital, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, either collectively, individually, or in any subset; and

      b.      The present and former officers, directors, employees, agents, attorneys, law firms, and other persons acting on behalf of Grant Hospital, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, or joint ventures, including any consultant or other agents, including lawyers and law firms, having possession, custody or control of any information called for in these Requests.

10.    "Including" means "including but not limited to" and "including without limitation."

11.    "Michael Reese Medical Center Corporation" or "Michael Reese" means:

      a.      Michael Reese, its parents, predecessors, divisions, subsidiaries,

                affiliates, partnerships, and joint ventures, either collectively, individually, or in any subset; and

      b.      The present and former officers, directors, employees, agents, attorneys, law firms, and other persons acting on behalf of Michael Reese, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, or joint ventures, including any consultant or other agents, including lawyers and law firms, having possession, custody or control of any information called for in these Requests.

12.    "Or" means "and/or."

13.    "Person" means any natural person and any entity, including without limitation any governmental agency or authority, corporation, association, agent, or other business enterprise.

14.    "Plaintiff" means Sam J. Alberts, Trustee for the DCHC Liquidating Trust.

15.    "Purchase Price" means the total dollar amount paid by wire transfer from Michael Reese to an account designated by GHI as set forth in Section 2.01 of the APA.

16.    "Second Amended Complaint" means the Second Amended Complaint filed by Plaintiff against HCA Inc. and GHI on July 21, 2005 in Adversary Proceeding No. 04-10366.

17.    "Transfer" means the payment by Michael Reese to GHI of the "Purchase Price" as set forth in Section 2.01 of the APA.

## DOCUMENT REQUESTS

1.    All documents that you reviewed or referenced in any manner in connection with obtaining knowledge of the insolvency of DCHC and Michael Reese.

2.    All documents that you reviewed or referenced in any manner in connection with obtaining knowledge of whether DCHC and Michael Reese were able to pay their debts as they became due.

3.    All documents that you reviewed or referenced in any manner in connection with

obtaining knowledge of whether the Transfer was for reasonably equivalent value.

4. All documents concerning your knowledge of the insolvency of DCHC and Michael Reese, including documents concerning the date upon which DCHC and Michael Reese first became insolvent.

5. All documents concerning your knowledge of whether DCHC and Michael Reese were able to pay their debts as they became due, including documents concerning the date upon which DCHC and Michael Reese first became unable to pay their debts as they became due.

6. All documents concerning the Transfer itself, including documents concerning the exact amount of the Transfer, the date of the Transfer, the means of the Transfer, the Persons involved in the Transfer, and whether any portion of the Transfer was allocated, separated, or used by Grant Hospital as a means of payment for the assets of the Columbia Grant Hospital.

7. All valuations, appraisals, and any other documents concerning your knowledge of whether the Transfer was for reasonably equivalent value, including documents concerning a determination of the value of the assets acquired by Michael Reese in exchange for the Transfer.

8. All documents concerning the Purchase Price paid by Michael Reese to GHI.

9. All documents concerning the relationship, affiliation, connection, or legal status between DCHC and Michael Reese.

10. All documents concerning the relationship, affiliation, connection, or legal status between DCHC and Grant Hospital.

11. All documents concerning the relationship, affiliation, connection, or legal status between Michael Reese and Grant Hospital.

12. All documents concerning your relationship, affiliation, employment, connection, or involvement with Plaintiff, whether formal or informal, including documents concerning the

date upon which such relationship, affiliation, employment, connection, or involvement commenced.

13. All documents concerning your relationship, affiliation, employment, connection, or involvement with the DCHC Liquidating Trust, whether formal or informal, including documents concerning the date upon which such relationship, affiliation, employment, connection, or involvement commenced.

14. All documents concerning your relationship, affiliation, employment, connection, or involvement with Martin Cohen, a steering committee member of the DCHC Liquidating Trust, whether formal or informal, including documents concerning the date upon which such relationship, affiliation, employment, connection, or involvement commenced.

15. All documents concerning your relationship, affiliation, employment, connection, or involvement with the law firm of White & Case LLP, whether formal or informal, including documents concerning the date upon which such relationship, affiliation, employment, connection, or involvement commenced.

16. All documents concerning the allegations by Plaintiff in the Second Amended Complaint.