# Exhibit 4

Case 1:06-mc-00088-RMU    Document 4-7    Filed 03/17/2006    Page 1 of 4

**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Tel + 1 202 626 3600
Fax + 1 202 639 9355
www.whitecase.com

Direct Dial + 202-626-3696    Direct Facsimile + 202-639-9355

February 8, 2006

VIA FACSIMILE

Jeffrey W. Kilduff, Esq.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001

Re:  *Alberts v. HCA Inc.*, Adv. Proc. No. 04-10366 (Bankr. D.D.C.)

Dear Mr. Kilduff:

This letter responds to Lani R. Miller's letter of January 31, 2006 and addresses several other outstanding issues.

I.    **The Proposed Depositions Of Messrs. Alberts, Cohen, and Demchick**

In her letter of January 31, 2006, Ms. Miller requests the coordination of depositions for Sam Alberts, Neil Demchick, and "Martin Kohn." I assume that this last individual refers to Martin Cohen, who is a member of the Trust Committee for The DCHC Liquidating Trust.

Based on your recent correspondence and filings with the Court, I believe that your only purpose in deposing Messrs. Alberts and Cohen is to harass them and to unduly burden the Trust. If you are of the opinion that there are legitimate reasons to depose these two individuals, please identify such reasons. Also please identify any relevant, non-privileged information you believe they possess.

The Trust is also not amenable to a deposition of Mr. Demchick at this time. The Trust may well designate him as an expert in this action, in which case you will have an opportunity to depose him as an expert consistent with the briefing schedule currently in place. Alternatively, should the Trust merely retain Mr. Demchick as a non-testifying expert, there are no "exceptional circumstances" that justify the taking of his deposition, as are required by Rule 26(b)(4)(B) of the Federal Rule of Civil Procedure. *See Doe v. District of Columbia*, 231 F.R.D. 27, 41 (D.D.C. 2005). If you are of the opinion that exceptional circumstances exist that warrant a deposition of Mr. Demchick, please identify those circumstances.

Jeffrey W. Kilduff, Esq.

February 8, 2006

WHITE & CASE

## II. Deposition Of Corporate Representatives

As indicated in my letter of January 27, 2006, I wish to coordinate Rule 30(b)(6) deposition dates for the custodian of records for HCA, the custodian of records of Galen, a current member of the HCA board of directors, and a current member of the Galen board of directors. The proposed deposition topics are as follows. Please provide me with suitable deposition dates.

### A. HCA Custodian Of Records

- The manner in which HCA maintains its corporate records.
- The location of HCA corporate records that were responsive to the Trust's requests for production of documents.
- The location of HCA computers containing information responsive to the Trust's requests for production of documents.
- Whether HCA has a practice of co-mingling its records with those of its subsidiaries.
- The efforts taken by HCA to comply with each and every request for production of documents propounded by the Trust, including the efforts (if any) taken by HCA to (1) search its computers for responsive documents; and (2) contact vendors and other third parties for other responsive material in the custody or control of HCA.

### B. Galen Custodian Of Records

- The manner in which Galen maintains its corporate records.
- The location of Galen corporate records that were responsive to the Trust's requests for production of documents.
- The location of Galen computers containing information responsive to the Trust's requests for production of documents.
- The efforts taken by Galen to comply with each and every request for production of documents propounded by the Trust, including the efforts (if any) taken by Galen to (1) search its computers for responsive documents; and (2) contact vendors and other third parties for other responsive material in the custody or control of Galen.

### C. A Current Member Of The HCA Board Of Directors

- The relationship between HCA Inc. and Galen Hospital Illinois, Inc., including (a) the ownership of Galen; (b) the capitalization of Galen; (c) the existence of corporate formalities between HCA and Galen; (d) the commingling of funds between HCA and

Jeffrey W. Kilduff, Esq.

February 8, 2006

**WHITE & CASE**

Galen and other affiliates; and (e) HCA's policies, procedures and actions concerning the sale or disposition of hospitals allegedly held at a subsidiary or affiliate level.

### D. A Current Member Of The Galen Board Of Directors

- The sources of funds available to Galen to satisfy a judgment against it in this case (alleged in the Second Amended Complaint to be at least $30 million, plus interest).
- The relationship between HCA Inc. and Galen Hospital Illinois, Inc., including (a) the ownership of Galen; (b) the capitalization of Galen; (c) the existence of corporate formalities between HCA and Galen; and (d) the commingling of funds between HCA and Galen and other affiliates.

### III. Contact Information For Frank Berryman

In her letter of January 31, 2006, Ms. Miller indicated that she would supply us with the current contact information for Frank Berryman, information that we had requested from HCA and Galen several months ago in discovery. We await that information.

### IV. Verifications For The Supplemental Interrogatory Responses Of HCA And Galen

On January 19, 2006, HCA and Galen served upon the Trust their respective supplemental responses to plaintiff's first set of interrogatories 2, 3, and 4. However, those responses were unaccompanied by any verifications. Please provide the necessary verifications.

### V. The Existence Of "Exhibit A" Referred To In HCA's And Galen's Responses To The Trust's Second Set Of Interrogatories

In their respective responses to Interrogatory 1 of the Trust's Second Set of Interrogatories, both HCA and Galen make reference to an "Exhibit A." We are unable to find this exhibit. Please provide it.

Sincerely,

Lucius B. Lau

cc: Sam J. Alberts, Esq.

3