Exhibit 5



## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
LOS ANGELES

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

NEWPORT BEACH
NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO

OUR FILE NUMBER
343,673-053

February 10, 2006

**BY HAND DELIVERY**

WRITER'S DIRECT DIAL
(202) 383-5383

WRITER'S E-MAIL ADDRESS
jkilduff@omm.com

Sam J. Alberts
White & Case LLP
701 Thirteenth Street
Washington, D.C. 20005

Re:    ___Alberts v. HCA Inc., et al.,___ **Adv. Proc. No. 04-10366 (Bankr. D.D.C.)**

Dear Sam:

This correspondence responds to Mr. Lau's letter of February 8, 2006 regarding defendants' prior request to take your deposition, as Trustee, as well as the depositions of Messrs. Cohen and Demchick.

Pursuant to both the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Federal Rules of Civil Procedure ("Federal Rules"), defendants are permitted to "take the testimony of any person, including a party, by deposition upon oral examination without leave of court . . . ." Fed. R. Civ. P. 30. In light of their right to seek such testimony, defendants engaged in a good faith effort to informally arrange your deposition, as Trustee of the DCHC Liquidating Trust ("Trust"), and the depositions of Messrs. Cohen and Demchick. More than a week later, without any further discussion of this subject, defendants received Mr. Lau's letter in which he made the baseless allegation that defendants' simple request for deposition testimony, as permitted under both the Bankruptcy Rules and Federal Rules, was nothing more than a means of harassment.

Undoubtedly you are aware that "facts known to the Trustee are not immune from discovery," and as a result, a "Trustee may be deposed because [a] Trustee is a party who may have knowledge of discoverable information." *In re Kelton Motors, Inc.*, 130 B.R. 183, 184 (Bankr. D. Vt. 1991). The *Kelton* case involved an adversary proceeding in which the trustee sought turnover of an alleged preferential transfer to a bank. *Id.* at 184. After the defendant bank requested the trustee's deposition, the trustee—who was an attorney—moved for a protective order on the grounds that (1) as an attorney all information in the trustee's possession

O'MELVENY & MYERS LLP

Sam J. Alberts, February 10, 2006 - Page 2

is protected by the attorney work product doctrine, and (2) the trustee has no first-hand knowledge of any relevant facts. *Id.* The court denied the trustee's motion because "the work product doctrine cannot be raised to preclude the taking of a deposition," and "[f]irst-hand knowledge is not a prerequisite to being deposed." *Id.* at 184, 185; *see also Matter of M4 Enterprises, Inc.*, 190 B.R. 471, 476 (Bankr. N.D. Ga. 1995) (explaining that "the Court does not believe that any blanket privilege exists as a consequence of the Trustee's status or investigative functions in this case so as to preclude all examination of him"). Of particular relevance to the instant case, the *Kelton* court determined that the person "[w]ho allegedly received the preferential transfer, and on what date it was made, are clearly within the scope of discovery." *Id.* at 184; *see also In re Investment Bankers, Inc.*, 30 B.R. 883, 887-88 (Bankr. D. Colo.1983) (permitting the deposition of the trustee's consultant who possessed "factual, investigative information").

In light of this case law clearly establishing defendants' right to depose the trustee and others working for the trustee, it is premature and improper for Mr. Lau to demand that defendants identify "legitimate reasons" for deposing you and Mr. Cohen and also "identify any relevant, non-privileged information" defendants believe they possess. Nevertheless, in their continuing effort to act in good faith and avoid court intervention, defendants will respond to Mr. Lau's unwarranted demands even though defendants are under no obligation to provide such information at this time. Examples of the types of relevant information that defendants intend to obtain through the requested depositions are provided below. These examples are by no means exhaustive.

This entire lawsuit is an attempt by you, as Trustee, to avoid an alleged transfer of money. However, after amending your complaint three times (once upon Court order) and receiving numerous requests from defendants to explain the nature of the transfer at issue, you still have failed to provide fundamental information underlying your claims, including without limitation, (1) the exact amount of the transfer, (2) the date of the transfer, (3) the means of the transfer, and (4) the persons involved in the transfer. As stated by Judge Teel more than eight months ago at the hearing on defendants' Motion to Dismiss the Amended Complaint, "if we get through this hearing and I say 'Motion denied,' it seems to me that the next order of business would be, put on some proof as to when the transfer actually occurred, in the form of checks or wire transfers . . . ." You have ignored the Court's directive and have failed to identify or even describe the exact transfer of money you are seeking to avoid. Indeed, your supplemental response to Galen Hospital, Inc.'s interrogatory on this issue admits this failure: "The Trust is still investigating the manner the approximately $71 million was transferred, the exact date it was transferred, the identity of the Person that made or received the transfer, and a detailed description of the approximately $71 million transfer." The "approximately $71 million" figure is even called into question by your own admission that it was "subject to adjustments," which are never fully explained. As the person who "declare[d] under penalty of perjury" that the foregoing statements are "true and correct," there certainly are "legitimate reasons" for defendants to depose you, as Trustee, regardless of Mr. Lau's assertions to the contrary.

O'MELVENY & MYERS LLP

Sam J. Alberts, February 10, 2006 - Page 3

Furthermore, it is inconceivable to me that almost two years after you were assigned "full title to" as well as "authorize[ation] to obtain copies" of "all of the books and records of the Debtors" that you still cannot produce a single wire transfer or cancelled check to support the very heart of your claims. I do not understand how, under Rule 11 of the Federal Rules, you could have brought this lawsuit more than 14 months ago without having such documents and information in your possession at that time.

Defendants also have a right to depose Messrs. Cohen and Demchick for an answer to this and other questions that relate to the purported support for the allegations in the Second Amended Complaint. Mr. Cohen is one of three steering committee members for the Trust, and he should possess relevant knowledge about a lawsuit that has been brought on behalf of the Trust. Also, as set forth in defendants' counterclaims, less than two years before the Trust was established, DCHC entered into a valid, binding, and enforceable Settlement Agreement and Mutual Release ("Release") that defendants claim the Trust has breached by filing this lawsuit. Defendants' are entitled to ask Mr. Cohen about his knowledge of the Release and the basis for the denial of defendants' allegation that the Release is enforceable against the Trust. Mr. Demchick has been retained by the Trust as its financial advisor, and, as you stated under penalty of perjury, "Mr. Demchick has knowledge of . . .whether the transfer at issue was for reasonably equivalent value." Therefore, to the extent Mr. Demchick has knowledge about whether the transfer was for reasonably equivalent value, it follows that Mr. Demchick should be able to provide deposition testimony about the details of the transfer itself, which is an essential factual element of your claims that has yet to be fully explained.

Defendants have exceeded their obligations under both the Bankruptcy Rules and the Federal Rules by providing you with a preview of some of the information they hope to obtain through deposition testimony. We reiterate our request that you and your counsel cooperate with me and my colleagues to arrange mutually agreeable deposition dates for you, as Trustee, and Messrs. Cohen and Demchick. Accordingly, please find enclosed a notice of deposition for you, and subpoenas for Martin Cohen and Neil Demchick. The dates set forth in these materials are open to negotiation, and I am willing to work with you and your counsel to find dates that are acceptable to all parties involved.

Finally, I assume that you and your firm will accept service of these subpoenas. Mr. Cohen is a steering committee member of the Trust, which your firm represents, and Mr. Demchick has been retained by the Trust as its financial advisor. In addition, on behalf of both Mr. Cohen and Mr. Demchick, your firm already has made demands upon defendants relating to their requested depositions. If your firm is not representing Mr. Cohen and Mr. Demchick in connection with these subpoenas, please notify me immediately. Otherwise, I will assume that your receipt of this letter and the enclosed subpoenas constitutes proper service and notice to Messrs. Cohen and Demchick.

O'MELVENY & MYERS LLP

Sam J. Alberts, February 10, 2006 - Page 4


Due to the upcoming discovery deadline, I would appreciate your prompt response to the proposed dates set forth in the enclosed materials.  If you have any questions or comments, please do not hesitate to contact me.


Sincerely,

*Jeffrey W. Kilduff*

Jeffrey W. Kilduff
of O'MELVENY & MYERS LLP


Enclosures

cc:    Albie Lau, Esq.
       Lani R. Miller, Esq.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREATER SOUTHEAST COMMUNITY HOSPITAL CORP., I, et al., | Chapter 11 |
| *Debtors,* | Jointly Administered Case No.  02-2250 Judge s. Martin Teel, Jr. |
| SAM J. ALBERTS, TRUSTEE FOR THE DCHC LIQUIDATING TRUST, | |
| *Plaintiff,* | |
| v. | Adv. Proc. No. 04-10366 |
| HCA INC. AND GALEN HOSPITAL ILLINOIS, INC., | |
| *Defendants.* | |

**NOTICE OF DEPOSITION OF SAM J. ALBERTS, TRUSTEE FOR THE
DOCTORS COMMUNITY HEALTHCARE CORPORATION LIQUIDATING TRUST**

PLEASE TAKE NOTICE that, in accordance with Rule 7030(b) of the Federal Rules of

Bankruptcy Procedure and Rule 30 of the Federal Rules of Civil Procedure, counsel for

defendants Galen Hospital Illinois, Inc. and HCA Inc. will depose:

> Sam J. Alberts
> Trustee for The Doctors Community Healthcare Corporation Liquidating Trust,
> 701 Thirteenth Street, NW
> Washington, D.C.  20005

by videotape and stenographic means.

The deposition will commence at 9:00 a.m. on Friday, March 3, 2006 at the offices of

O'Melveny & Myers LLP located at 1625 Eye Street, NW, Washington, D.C.  The deposition

will be taken upon oral examination before an officer authorized to administer oaths in

Washington, D.C. and will be recorded by a stenographer.  The deposition will also be

videotaped.

Respectfully submitted this 10th day of February 2006.

Jeffrey W. Kilduff (D.C. Bar No. 436632)
Iiani R. Miller
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C.  20006-4001
Tel. (202) 383-5300
Fax (202) 383-5414

Counsel for Defendants
HCA INC. and GALEN HOSPITAL
ILLINOIS, INC.

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF    the District of Columbia

Sam J. Alberts, Trustee for The
DCHC Liquidating Trust
     V.
HCA, Inc. and Galen Hospital
Illinois, Inc.

### SUBPOENA IN A CIVIL CASE

Case Number:[1]

**Adversary Proceeding No. 04-10366 pending
in the United States Bankruptcy Court for
the District of Columbia**

TO:
Martin Cohen
Senior Managing Partner
FTI Consulting, 1201 Eye Street, NW, Suite 400, Washington, D.C. 20005

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| O'Melveny & Myers, LLP, 1625 Eye St. NW, Wshington D.C. 20006 | March 14, 2006 9:00A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| O'Melveny & Myers, LLP, c/o Jeff Kilduff, 1625 Eye St. NW, Washington D.C. 20006 | March 7, 2006 9:00A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 2/10/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Leni R. Miller     O'Melveny & Myers LLP
(202) 383-5126     1625 I Street, N.W.
     Washington, DC 20006

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREATER SOUTHEAST COMMUNITY HOSPITAL CORP., I, et al., | Chapter 11 |
| *Debtors*, | Jointly Administered Case No. 02-2250 Judge s. Martin Teel, Jr. |
| SAM J. ALBERTS, TRUSTEE FOR THE DCHC LIQUIDATING TRUST, | |
| *Plaintiff*, | |
| v. | Adv. Proc. No. 04-10366 |
| HCA INC. AND GALEN HOSPITAL ILLINOIS, INC., | |
| *Defendants*. | |

## SUBPOENA *DUCES TECUM* – SCHEDULE A

TO:    Martin Cohen
       Senior Managing Director
       FTI Consulting
       1201 Eye Street, NW - Suite 400
       Washington, D.C. 20005

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30 and 45, as made applicable herein by Federal Rules of Bankruptcy Procedure 7030, 7045, and 9014, defendants Galen Hospital Illinois, Inc. ("GHI") and HCA Inc. shall take the deposition, upon oral examination under oath of Martin Cohen, on March 14, 2006, at the offices of O'Melveny & Myers LLP, 1625 Eye Street, NW, Washington, D.C., 20006. The deposition will be recorded by stenographic means before an officer authorized to administer oaths by the laws of the United States or the District of Columbia, such deposition to continue day to day until completed. The deposition also will be videotaped. The deposition is being taken for the purpose of discovery,

for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil

Procedure, the Federal Rules of Bankruptcy Procedure, and the Rules of this Court.

## INSTRUCTIONS

1.      The documents to be produced shall be produced in any original file folders or as

they are kept in the usual course of business and shall be sent to the offices of O'Melveny &

Myers LLP, c/o Jeffrey Kilduff, Esq., 1625 Eye Street, NW, Washington, D.C., 20006, on or

before March 7, 2006 at 9:00 a.m.

2.      In the event that any document called for by this request is withheld on the basis

of claim or privilege, set forth for each document withheld the following:

      a.      a description of the factual and legal basis for the claim of
privilege or objection in sufficient detail so as to permit the
court to adjudicate the validity of the claim or objection.

      b.      a general description of the document including its size, length,
form, and subject matter;

      c.      the names and addresses of all persons involved in the creation
of the document.

      d.      the names and addresses of all persons who have had access to
the document from the time of its creation to the present;

      e.      the date on which the document was created; and

      f.      the names and addresses of the recent custodian of the
document, and the names and addresses of all persons who have
received copies, summaries, or explanations of the document.

3.      In the event  that any document called for by this request has been destroyed or

discarded, or has otherwise left your possession, custody, and control, set forth:

      a.      a general description of the document including its size, length,
form, and subject matter.

      b.      the names and addresses of the person or persons involved in
the creation of the document;

2

c.     the names and addresses of all persons who have had access to the document from the time of its creation to the present;

d.     the date on which the document was created;

e.     the names and addresses of the present custodian of the document and the names and addresses of all persons who have received copies, summaries, or explanations of the document;

f.     the date of destruction or discard, the manner of destruction or discard, and the reasons for the destruction or discard; and

g.     the names and addresses of persons authorizing and carrying out the destruction or discard of the document.

4.     If a document has been prepared and several copies or additional copies have been made and copies are not identical, each non-identical copy is a separate document.

## DEFINITIONS

Unless otherwise stated, the terms below are defined as follows:

1.     "And" means "and/or."

2.     "Any" means any and all.

3.     "APA" means the Asset Purchase Agreement made and entered into as of July 8, 1998 by and between Michael Reese Medical Center Corporation ("Michael Reese") and GHI.

4.     "Closing" means the communication of the transactions contemplated in the APA as set forth in Section 1.10 of the APA.

5.     "Concern" or "concerning" means mentioning, discussing, referring to, relating to, describing, constituting, evidencing, supporting, or contradicting the referenced matter.

6.     "Counterclaims for Damages and Set Off" means the allegations and counterclaims beginning on page 15 of GHI's "Answer to Second Amended Complaint; Counterclaims for Damages and Set Off," filed by GHI on August 5, 2005 in Adversary

Proceeding No. 04-10366.

7.    "DCHC" means:

    a.    Doctors Community Healthcare Corporation, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, either collectively, individually, or in any subset; and

    b.    The present and former officers, directors, employees, agents, attorneys, law firms, and other persons acting on behalf of DCHC, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, or joint ventures, including any consultant or other agents, including lawyers and law firms; having possession, custody or control of any information called for in these Requests.

8.    "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and includes without limitation any typed writing, notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail) which is or ever has been in Your actual or constructive possession, custody or control, or available or obtainable by you or of which you have knowledge, and includes, without limitation, all originals, copies, drafts (sent and unsent), or other non-conforming copies of every kind.

9.    "Each" means each and every.

10.    "Grant Hospital Corporation" or "Grant Hospital" means:

    a.    Grant Hospital, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, either collectively, individually, or in any subset; and

    b.    The present and former officers, directors, employees, agents, attorneys, law firms, and other persons acting on behalf of Grant Hospital, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, or joint ventures, including any consultant or other agents, including lawyers and law firms, having possession, custody or control of any information called for in these Requests.

11.    "Including" means "including but not limited to" and "including

without limitation."

12.    "Michael Reese Medical Center Corporation" or "Michael Reese" means:

a.    Michael Reese, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, either collectively, individually, or in any subset; and

b.    The present and former officers, directors, employees, agents, attorneys, law firms, and other persons acting on behalf of Michael Reese, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, or joint ventures, including any consultant or other agents, including lawyers and law firms, having possession, custody or control of any information called for in these Requests.

13.    "Or" means "and/or."

14.    "Person" means any natural person and any entity, including without limitation

any governmental agency or authority, corporation, association, agent, or other business

enterprise.

15.    "Plaintiff" means Sam J. Alberts, Trustee for the DCHC Liquidating Trust.

16.    "Purchase Price" means the total dollar amount paid by wire transfer from

Michael Reese to an account designated by GHI as set forth in Section 2.01 of the APA.

17.    "Second Amended Complaint" means the Second Amended Complaint filed by

Plaintiff against HCA Inc. and GHI on July 21, 2005 in Adversary Proceeding No. 04-10366.

18.    "Transfer" means the payment by Michael Reese to GHI of the "Purchase Price"

as set forth in Section 2.01 of the APA.

## DOCUMENT REQUESTS

1.    All documents concerning your relationship, affiliation, employment, connection,

or involvement with Plaintiff, whether formal or informal, including documents concerning the

date upon which such relationship, affiliation, employment, connection, or involvement commenced.

2.    All documents concerning your relationship, affiliation, employment, connection, or involvement with the DCHC Liquidating Trust, whether formal or informal, including documents concerning the date upon which such relationship, affiliation, employment, connection, or involvement commenced.

3.    All documents concerning your relationship, affiliation, employment, connection, or involvement with Neil Demchick, a financial advisor to the DCHC Liquidating Trust, whether formal or informal, including documents concerning the date upon which such relationship, affiliation, employment, connection, or involvement commenced.

4.    All documents concerning your relationship, affiliation, employment, connection, or involvement with the law firm of White & Case LLP, whether formal or informal, including documents concerning the date upon which such relationship, affiliation, employment, connection, or involvement commenced.

5.    All documents concerning the relationship, affiliation, connection, or legal status between DCHC and Michael Reese.

6.    All documents concerning the relationship, affiliation, connection, or legal status between DCHC and Grant Hospital.

7.    All documents concerning the relationship, affiliation, connection, or legal status between Michael Reese and Grant Hospital.

8.    All documents concerning the relationship, affiliation, connection, or legal status between DCHC and the DCHC Liquidating Trust.

10.    All documents concerning the relationship, affiliation, connection, or legal status

between Michael Reese and the DCHC Liquidating Trust.

11.     All documents concerning the relationship, affiliation, connection, or legal status between Grant Hospital and the DCHC Liquidating Trust.

12.     All documents concerning the Settlement Agreement and Mutual Release described in paragraph 10 of GHI's Counterclaims for Damages and Set Off.

13.     All documents concerning each denial set forth in Plaintiff's Reply to Counterclaims of GHI filed by Plaintiff on August 23, 2005 in Adversary Proceeding No. 04-10366.

14.     All documents concerning the Transfer itself, including documents concerning the exact amount of the Transfer, the date of the Transfer, the means of the Transfer, the Persons involved in the Transfer, and whether any portion of the Transfer was allocated, separated, or used by Grant Hospital as a means of payment for the assets of the Columbia Grant Hospital.

15.     All valuations, appraisals, and any other documents concerning your knowledge of whether the Transfer was for reasonably equivalent value, including documents concerning a determination of the value of the assets acquired by Michael Reese in exchange for the Transfer.

16.     All documents concerning the Purchase Price paid by Michael Reese to GHI.

17.     All documents concerning the allegations by Plaintiff in the Second Amended Complaint, including documents concerning the allegations in paragraph 40 regarding the United States Department of Health and Human Services ("HHS") as an unsecured creditor of Michael Reese "before and after the transfer associated with the Michael Reese Hospital asset purchase" in connection with HHS' "participation in Medicare Part A."

7

✎AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF    the District of Columbia

Sam J. Alberts, Trustee for The
DCHC Liquidating Trust
V.
HCA, Inc. and Galen Hospital
Illinois, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

Adversary Proceeding No. 04-10366 pending
in the United States Bankruptcy Court for
the District of Columbia

TO: Neil Demchick
Maryland First Financial Services Corporation
1637 Thames Street
Baltimore, MD 21231-3430

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| O'Melveny & Myers, LLP, 1625 Eye Street, NW, Washington D.C. 20006 | March 7, 2006 9:00A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE O'Melveny & Myers LLP, c/o Jeff Kilduff<br>1625 Eye Street, NW, Washington D.C. 20006 | DATE AND TIME<br>February 28, 2006 9:00A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 2/10/06 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Lani R. Miller         O'Melveny & Myers LLP |
| (202) 383-5126        1625 I Street, N.W. |
|                       Washington, DC 20006 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

GREATER SOUTHEAST COMMUNITY
HOSPITAL CORP., I, et al.,

*Debtors,*

SAM J. ALBERTS, TRUSTEE FOR THE
DCHC LIQUIDATING TRUST,

*Plaintiff,*

v.

HCA INC. AND GALEN HOSPITAL
ILLINOIS, INC.,

*Defendants.*

Chapter 11

Jointly Administered
Case No. 02-2250
Judge s. Martin Teel, Jr.

Adv. Proc. No. 04-10366

## SUBPOENA *DUCES TECUM* – SCHEDULE A

TO:   Neil Demchick
      Maryland First Financial Services Corporation
      1637 Thames Street
      Baltimore, MD  21231-3430Neil H. Demchick

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30 and 45, as

made applicable herein by Federal Rules of Bankruptcy Procedure 7030, 7045, and 9014,

defendants Galen Hospital Illinois, Inc. ("GHI") and HCA Inc. shall take the deposition, upon

oral examination under oath of Neil H. Demchick on March 7, 2006, at the offices of O'Melveny

& Myers LLP, 1625 Eye Street, NW, Washington, D.C., 20006.  The deposition will be recorded

by stenographic means before an officer authorized to administer oaths by the laws of the United

States or the District of Columbia, such deposition to continue day to day until completed.  The

deposition also will be videotaped.  The deposition is being taken for the purpose of discovery,

for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil

Procedure, the Federal Rules of Bankruptcy Procedure, and the Rules of this Court.

## **INSTRUCTIONS**

1.      The documents to be produced shall be produced in any original file folders or as

they are kept in the usual course of business and shall be sent to the offices of O'Melveny &

Myers LLP, c/o Jeffrey Kilduff, Esq., 1625 Eye Street, NW, Washington, D.C., 20006, on or

before February 28, 2006 at 9:00 a.m.

2.      In the event that any document called for by this request is withheld on the basis

of claim or privilege, set forth for each document withheld the following:

  a.  a description of the factual and legal basis for the claim of
privilege or objection in sufficient detail so as to permit the
court to adjudicate the validity of the claim or objection.

  b.  a general description of the document including its size, length,
form, and subject matter;

  c.  the names and addresses of all persons involved in the creation
of the document.

  d.  the names and addresses of all persons who have had access to
the document from the time of its creation to the present;

  e.  the date on which the document was created; and

  f.  the names and addresses of the recent custodian of the
document, and the names and addresses of all persons who have
received copies, summaries, or explanations of the document.

3.      In the event  that any document called for by this request has been destroyed or

discarded, or has otherwise left your possession, custody, and control, set forth:

  a.  a general description of the document including its size, length,
form, and subject matter.

  b.  the names and addresses of the person or persons involved in
the creation of the document;

c.     the names and addresses of all persons who have had access to the document from the time of its creation to the present;

d.     the date on which the document was created;

e.     the names and addresses of the present custodian of the document and the names and addresses of all persons who have received copies, summaries, or explanations of the document;

f.     the date of destruction or discard, the manner of destruction or discard, and the reasons for the destruction or discard; and

g.     the names and addresses of persons authorizing and carrying out the destruction or discard of the document.

4.     If a document has been prepared and several copies or additional copies have been made and copies are not identical, each non-identical copy is a separate document.

## DEFINITIONS

Unless otherwise stated, the terms below are defined as follows:

1.     "And" means "and/or."

2.     "Any" means any and all.

3.     "APA" means the Asset Purchase Agreement made and entered into as of July 8, 1998 by and between Michael Reese Medical Center Corporation ("Michael Reese") and GHI.

4.     "Closing" means the communication of the transactions contemplated in the APA as set forth in Section 1.10 of the APA.

5.     "Concern" or "concerning" means mentioning, discussing, referring to, relating to, describing, constituting, evidencing, supporting, or contradicting the referenced matter.

6.     "DCHC" means:

a.     Doctors Community Healthcare Corporation, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, either collectively, individually, or in any subset; and

3

b. The present and former officers, directors, employees, agents, attorneys, law firms, and other persons acting on behalf of DCHC, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, or joint ventures, including any consultant or other agents, including lawyers and law firms; having possession, custody or control of any information called for in these Requests.

7. "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and includes without limitation any typed writing, notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail) which is or ever has been in Your actual or constructive possession, custody or control, or available or obtainable by you or of which you have knowledge, and includes, without limitation, all originals, copies, drafts (sent and unsent), or other non-conforming copies of every kind.

8. "Each" means each and every.

9. "Grant Hospital Corporation" or "Grant Hospital" means:

a. Grant Hospital, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, either collectively, individually, or in any subset; and

b. The present and former officers, directors, employees, agents, attorneys, law firms, and other persons acting on behalf of Grant Hospital, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, or joint ventures, including any consultant or other agents, including lawyers and law firms, having possession, custody or control of any information called for in these Requests.

10. "Including" means "including but not limited to" and "including without limitation."

11. "Michael Reese Medical Center Corporation" or "Michael Reese" means:

a. Michael Reese, its parents, predecessors, divisions, subsidiaries,

affiliates, partnerships, and joint ventures, either collectively, individually, or in any subset; and

b.    The present and former officers, directors, employees, agents, attorneys, law firms, and other persons acting on behalf of Michael Reese, its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, or joint ventures, including any consultant or other agents, including lawyers and law firms, having possession, custody or control of any information called for in these Requests.

12.    "Or" means "and/or."

13.    "Person" means any natural person and any entity, including without limitation any governmental agency or authority, corporation, association, agent, or other business enterprise.

14.    "Plaintiff" means Sam J. Alberts, Trustee for the DCHC Liquidating Trust.

15.    "Purchase Price" means the total dollar amount paid by wire transfer from Michael Reese to an account designated by GHI as set forth in Section 2.01 of the APA.

16.    "Second Amended Complaint" means the Second Amended Complaint filed by Plaintiff against HCA Inc. and GHI on July 21, 2005 in Adversary Proceeding No. 04-10366.

17.    "Transfer" means the payment by Michael Reese to GHI of the "Purchase Price" as set forth in Section 2.01 of the APA.

## DOCUMENT REQUESTS

1.    All documents that you reviewed or referenced in any manner in connection with obtaining knowledge of the insolvency of DCHC and Michael Reese.

2.    All documents that you reviewed or referenced in any manner in connection with obtaining knowledge of whether DCHC and Michael Reese were able to pay their debts as they became due.

3.    All documents that you reviewed or referenced in any manner in connection with

obtaining knowledge of whether the Transfer was for reasonably equivalent value.

4.     All documents concerning your knowledge of the insolvency of DCHC and Michael Reese, including documents concerning the date upon which DCHC and Michael Reese first became insolvent.

5.     All documents concerning your knowledge of whether DCHC and Michael Reese were able to pay their debts as they became due, including documents concerning the date upon which DCHC and Michael Reese first became unable to pay their debts as they became due.

6.     All documents concerning the Transfer itself, including documents concerning the exact amount of the Transfer, the date of the Transfer, the means of the Transfer, the Persons involved in the Transfer, and whether any portion of the Transfer was allocated, separated, or used by Grant Hospital as a means of payment for the assets of the Columbia Grant Hospital.

7.     All valuations, appraisals, and any other documents concerning your knowledge of whether the Transfer was for reasonably equivalent value, including documents concerning a determination of the value of the assets acquired by Michael Reese in exchange for the Transfer.

8.     All documents concerning the Purchase Price paid by Michael Reese to GHI.

9.     All documents concerning the relationship, affiliation, connection, or legal status between DCHC and Michael Reese.

10.     All documents concerning the relationship, affiliation, connection, or legal status between DCHC and Grant Hospital.

11.     All documents concerning the relationship, affiliation, connection, or legal status between Michael Reese and Grant Hospital.

12.     All documents concerning your relationship, affiliation, employment, connection, or involvement with Plaintiff, whether formal or informal, including documents concerning the

date upon which such relationship, affiliation, employment, connection, or involvement commenced.

13.    All documents concerning your relationship, affiliation, employment, connection, or involvement with the DCHC Liquidating Trust, whether formal or informal, including documents concerning the date upon which such relationship, affiliation, employment, connection, or involvement commenced.

14.    All documents concerning your relationship, affiliation, employment, connection, or involvement with Martin Cohen, a steering committee member of the DCHC Liquidating Trust, whether formal or informal, including documents concerning the date upon which such relationship, affiliation, employment, connection, or involvement commenced.

15.    All documents concerning your relationship, affiliation, employment, connection, or involvement with the law firm of White & Case LLP, whether formal or informal, including documents concerning the date upon which such relationship, affiliation, employment, connection, or involvement commenced.

16.    All documents concerning the allegations by Plaintiff in the Second Amended Complaint.