# Exhibit 6

**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Tel + 1 202 626 3600
Fax + 1 202 639 9355
www.whitecase.com

---

Direct Dial + 202.626.3696   Direct Facsimile + 202.639.9355   alau@whitecase.com

February 14, 2006

VIA FACSIMILE

Mr. Jeffrey W. Kilduff
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001

Re:   *Alberts v. HCA Inc.*, Adv. Proc. No. 04-10366 (Bankr. D.D.C.)

Dear Mr. Kilduff:

This letter is in response to your letter to Mr. Alberts dated February 10, 2006, and the deposition notices to Messrs. Alberts, Cohen and Demchick accompanying that letter.

As stated in my letter to you of February 8, 2006, the Trust will not agree to produce Messrs. Alberts or Cohen for deposition, or Mr. Demchick unless and until he is designated as a testifying expert witness.

Before seeking relief from the Court, I wish to attempt to persuade you, again, why your requests are in error, and should now be voluntarily withdrawn.

As you know, (1) Mr. Alberts is both lead counsel in this case, as well as the DCHC Liquidating Trustee; (2) Mr. Cohen is a Managing Director at FTI Consulting and is one of the two NCFE creditor representatives to the Trust; and (3) Mr. Demchick is an expert hired by the Trust. None of these persons were present at the time of the subject fraudulent transfers at issue. In fact, the DCHC Liquidating Trust was not even formed until April 5, 2004. Therefore, Messrs. Alberts and Cohen have no factual information that warrant a deposition, and Mr. Demchick is an expert witness but one that has not yet been declared as being a testifying witness.

Second, your reliance on *In re Ketton Motors, Inc.* 130 B.R. 183, 184 (Bankr. D. Vt. 1991), is misplaced. Leaving aside the fact that *Ketton Motors* has no binding effect in this jurisdiction, it is distinguishable on its face. Among other things, the defendant in *Ketton* sought discovery from what appears to be a statutory trustee with respect to a claim of preference. Here, you are seeking discovery from a plan trustee on an issue of fraudulent conveyance. Although preferences and fraudulent conveyances both constitute avoidable transfers, they are

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG   HELSINKI
HO CHI MINH CITY   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUMBAI   NEW YORK   PALO ALTO
PARIS   PRAGUE   RIYADH   ROME   SAN FRANCISCO   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

2/14/2006 3:58 PM (2K)
WASHINGTON 890874 v1 [890874_1.DOC]

Mr. Jeffrey W. Kilduff

February 14, 2006

**WHITE & CASE**

fundamentally different. For example, a preference action requires proof that a transferee received, *inter alia*, more from the transfer than it would have recovered under a chapter 7 liquidation. In contrast to a fraudulent transfer, a preference claim can be defended on the basis of ordinary course conduct, which requires an analysis of the debtor's actions. Moreover, the court in *Ketton Motors* only approved the deposition after it was determined that the debtors themselves were unavailable to testify. *Id.* at 184 ("Principles of Debtor's have not been cooperative. We understand constitutional privileges have been asserted by some or all of them. ... In this instance the underlying adversary proceeding places Bank in a position where the trustee may be the only party available with knowledge of the facts."). In contrast, you have made no attempt to depose the Debtors or their principals. As the *Ketton Motor* court acknowledged, "We will not tolerate, however, adversaries who are sued by a trustee to preemptively depose the trustee for the mere sake of deposing the trustee." I believe this Court will find that your actions are overreaching.

Moreover, your stated justification to depose the Trustee and Mr. Cohen is baseless. You first assert that you are entitled to depose these individuals because you need to learn "(1) the exact amount of the transfer, (2) the date of transfer, (3) the means of the transfer and (4) the persons involved in the transfer." Leaving aside the fact that none of the requested deponents have direct knowledge of such facts, you have failed to allege that you do not have knowledge of these facts or cannot get these facts elsewhere. In fact, much of the known details concerning the transfers at issue (other than valuations of the assets transfers that Defendants that failed to produce because they apparently are disfavorable to Defendants' position) came from Defendants. Therefore, it would seem that Defendants are seeking to depose persons that do not have independent knowledge of facts that HCA already knows.

Nevertheless, I suggest you refer to Plaintiff's Interrogatory Responses, which answers several of the questions you seek in both narrative form and by reference to specific documents. *E.g.*, First Supplementary Answer 3 and 7, regarding the $71,620,221 purchase price, which amount appears to have been subject to post-closing adjustments. As you know, the Trust is waiting for responses from Defendants to better understand the nature of these post-closing adjustments. With respect to persons with knowledge of the transfers, First Supplementary Answer 7 lists several persons who have might have such knowledge, including but not limited to Paul Tuft and Steve Dietlin from DCHC (who you have not sought to depose). As to the means and timing of the transfers, it should be noted that HCA instructed its bank not to produce documentation to the Trust that the Trust sought in order to discover the means and timing of the transfers (although it appears that certain transfers occurred by wire directly into HCA's account). Finally, the exact date of the subject transfer is not a time critical issue. The Court has already determined that even assuming the transfers at issue occurred on November 12, 1998 (as you assert), the claim is not precluded by the statute of limitations. Therefore, your basis for deposing these individuals is without merit.

Your suggestion that the Trust somehow violated Rule 11 by filing the lawsuit against your clients without "having full access to the Debtors' books and records" is out of bounds. The Debtors retained possession of the books and records, and the Trust has been in ongoing legal battles with the Debtors to gain access to documentation. Moreover, if the Defendants want to

2

Mr. Jeffrey W. Kilduff

February 14, 2006

WHITE & CASE

see the Debtors' books and records, they should request a date to view such documents, which are stored by the Debtors in Arizona.

Your further stated assertion on why you should depose Mr. Cohen — "that he is one of the three steering committee members for the Trust, and he should possess relevant knowledge about a lawsuit that has been brought on behalf of the Trust" — is fundamentally flawed. The Trust Committee members may have knowledge about the suit, but all of that knowledge is subject to privilege. Moreover, it appears that HCA is seeking to depose Mr. Cohen for means of harassment and intimidation. It is no secret that HCA is the largest hospital company in the United States, and that it employs several professionals, including FTI Consulting. The fact that you have subpoenaed Mr. Cohen at his FTI address makes it clear that you know for whom Mr. Cohen works. The Trust will not allow you to attempt to intimidate its Committee members.

Your rationale for taking discovery based upon a prior settlement agreement between DCHC and HCA concerning a separate transaction was already argued by you in the motion to dismiss and expressly found by the Court to be irrelevant to the subject dispute. The fact that you raise it now underlies the fundamental weakness of your position.

In short, if you do not advise me in writing by February 15, 2005, 5:00 p.m., that you will voluntarily withdraw your pending deposition notices, the Trust will move to quash, seek a protective order, and ask the Court for appropriate further relief.

Sincerely,

Lucius B. Lau

cc: Sam J. Alberts, Esq.
    Neil Demchick
    Trust Committee

3