Exhibit 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>GREATER SOUTHEAST COMMUNITY HOSPITAL CORP., I, *et al.*,<br><br><div align="center">*Debtors.*</div> | Chapter 11<br><br>Jointly Administered<br>Bankruptcy Case No. 02-2250<br>Judge S. Martin Teel, Jr. |
| SAM J. ALBERTS, TRUSTEE FOR THE DCHC LIQUIDATING TRUST, 701 13TH STREET, N.W. WASHINGTON, D.C. 20005,<br><br><div align="center">*Plaintiff,*</div><br>v.<br><br>HCA INC. AND GALEN HOSPITAL ILLINOIS, INC.,<br><br><div align="center">*Defendants.*</div> | Adv. Proc. No. 04-10366<br><br>Dist. Court No. _____ |

**LIQUIDATING TRUSTEE'S MOTION TO QUASH**
**(AND REQUEST FOR ABSTENTION)**

Sam J. Alberts, the Liquidating Trustee for The DCHC Liquidating Trust ("Trust"), the plaintiff in a suit for fraudulent conveyance against HCA Inc. ("HCA") and Galen Hospital Illinois, Inc. ("Galen" and collectively referred to along with HCA as the "Defendants") files this motion to quash two third-party subpoenas issued by the Defendants out of this Court with respect to an adversary proceeding pending in the United States Bankruptcy Court for the District of Columbia ("Bankruptcy Court"). *See* Ex. 1 (subpoena directed at Martin Cohen); Ex. 2 (subpoena directed at Neil Demchick). For the reasons stated below, the subpoenas are improper under Rule 45 of the Federal Rules of Civil Procedure. Moreover, because a separate

motion for protective order concerning these two subpoenas is pending in the Bankruptcy Court and has been scheduled (with the Defendants' consent)[1] for hearing on March 10, 2006, the Trustee requests that the Court *abstain* from taking any action pending resolution of that motion. In further support, the Trustee states as follows.

## STATEMENT OF FACTS

I.      **The DCHC Liquidating Trust And The Lawsuit Against HCA And Galen**

Sam J. Alberts is the Liquidating Trustee for The DCHC Liquidating Trust ("Trust"), which was formed under an entered order confirming a bankruptcy plan of reorganization (the "Plan") in *In re: Greater Southeast Community Hospital Corp. I*, Case No. 02-2250 (SMT), Jointly Administered (Chapter 11), in the Bankruptcy Court. Under the Plan, the Trustee is authorized to commenced various actions and adversary proceedings.

On November 19, 2004, pursuant to the authority vested in him under the Plan, the Trustee commenced the subject adversary proceeding against the Defendants for money paid to the Defendants that the Trustee avers constitutes a recoverable fraudulent conveyance.

On April 8, 2005, the Defendants filed a "Motion To Dismiss Amended Adversary Complaint" ("Motion To Dismiss"). After briefing the issues, the Court denied the Motion to Dismiss.

Thereafter, the Bankruptcy Court issued a scheduling order. Pursuant to that scheduling order, the parties have engaged in discovery. Several discovery disputes have arisen and are scheduled for argument before the Bankruptcy Court on March 10, 2006.

---

[1] Although the Defendants consented to the hearing of the motion for protective order in the Bankruptcy Court, they have failed to respond to the Trustee's request to treat the subpoenas as have been issued out the Bankruptcy Court thereby necessitating this separate filing.

On January 31, 2006, HCA and Galen indicated their desire to depose Mr. Alberts, as well as Martin L. Cohen (a member of the advisory Trust Committee) and Neil Demchick (an expert witness retained by the Trust but not yet designated as a testifying witness). Ex. 3. The Trust responded to this letter on February 8, 2006. Ex. 4. In this letter, the Trust informed the Defendants that neither Messrs. Alberts or Cohen possessed any relevant, non-privileged information and that the proposed depositions were sought for purposes of harassment and to unduly burden the Trust. As to Mr. Demchick, the Trust noted that it may well designate him as an expert witness in this matter, in which case a deposition of Mr. Demchick was premature. The Trust further noted that, even if it did not designate Mr. Demchick as an expert witness, he would still be a non-testifying witness, in which case he could be deposed only if "exceptional circumstances" were present.

Defendants responded by letter on February 10, 2006. Ex. 5. Accompanying Defendants' letter was a notice of deposition for Mr. Alberts and third-party subpoenas issued to Messrs. Cohen and Demchick. The subpoenas were issued out of this Court, rather than the Bankruptcy Court.

On February 14, 2006, the Trust again sought to persuade HCA and Galen to voluntarily withdraw these deposition requests. Ex. 6.

On February 15, 2006, by separate letter, the Trust asked for the Defendants' agreement that, to the extent that they would not withdraw their pending subpoenas and notice of deposition, that the Bankruptcy Court should entertain the Trust's motion for relief at the March 10, 2006 hearing currently scheduled with respect to other discovery disputes in this action. Ex. 7.

3

On February 16, 2006, the Defendants stated that they were agreeable to the Bankruptcy Court entertaining the Trust's request for relief at the March 10, 2006 hearing. Ex. 8.

On February 17, 2006, the Trust wrote a letter to the Defendants in which it asked the Defendants whether they would treat the outstanding subpoenas as having been issued by the Bankruptcy Court (so as to obviate the need for the Trust to seek additional relief in this Court). Ex. 9. To date, the Defendants have not responded to this letter. Thus, the Trust is compelled to file this motion.

<div align="center">**ARGUMENT**</div>

## I.    THE STANDARD OF REVIEW

Rule 45(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9016 of the Federal Rules of Bankruptcy Procedure, authorizes the Court, on timely motion, to quash or modify a subpoena if, among other reasons, it "requires disclosure of privileged or other protected matter and no exception or waiver applies" or "subjects a person to undue burden."

## II.    THE TRUSTEE HAS STANDING TO BRING THIS MOTION

"A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter." *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005). A claim that a subpoena intrudes upon the attorney-client privilege or work-product doctrine is sufficient to confer standing upon a third party to challenge a subpoena. *See State of Florida v. Jones Chemicals, Inc.*, 1993 WL 388645 at *2 (M.D. Fla. March 4, 1993) (motion to quash subpoena filed by third party municipalities and municipal entities: "Movants have standing, however, to assert their claims of attorney-client and work product privilege with respect to the testimony and

<div align="center">4</div>

documents sought in the subpoena directed to John C. Hall") (citations omitted); *cf. In re Grand Jury*, 111 F.3d 1066, 1073 (3d Cir. 1997)  ("It is well-established that a litigant may have sufficiently important, legally-cognizable interests in the materials or testimony sought by a grand jury subpoena issued to another person to give the litigant standing to challenge the validity of that subpoena").

In this instance, the Trustee has standing to challenge the subpoena directed to Martin L. Cohen in order to protect information covered by the attorney-client privilege.  Mr. Cohen serves as a member of the Trust Committee, whose sole purpose is to direct and oversee the Liquidating Trustee.  Declaration of Martin L. Cohen, dated February 20, 2006, at ¶ 1.  Ex. 10.  Whatever relevant information he possesses is protected by the attorney-client privilege.

The Trustee also has standing to challenge the subpoena directed to Neil H. Demchick. Mr. Demchick serves as financial advisor and expert to the Trustee.  His knowledge of the facts of the adversary proceeding pending before the Bankruptcy Court derives solely from information he has obtained in connection with the Trustee's pre-litigation investigation and pre-trial preparation.  Declaration of Neil H. Demchick, dated February 21, 2006, at ¶ 5.  Ex. 11. The Trustee has an interest in ensuring that whatever testimony HCA and Galen obtain from Mr. Demchick complies with the standards set forth in Rule 26(c) of the Federal Rules of Civil Procedure:  to the extent that the Trust designates Mr. Demchick as a testifying expert, his deposition is premature;  to the extent that the Trust does not designate Mr. Demchick as a testifying expert, his deposition would be barred unless HCA and Galen demonstrate that "exceptional circumstances" exist.

### III.    THE COURT SHOULD QUASH THE SUBPOENA DIRECTED AT MARTIN L. COHEN

*First,* the Court should quash the subpoena directed at Martin L. Cohen.

Mr. Cohen is a Senior Managing Director with FTI Consulting, Inc.  Declaration of Martin L. Cohen, dated February 20, 2006, at ¶ 1.  Ex. 10.  Mr. Cohen serves as one of three members of the Trust Committee, which oversees the Trust.  *Id.*

Several Circuits have accepted the proposition that high-level officials in organizations should not be subjected to depositions when they lack personal knowledge of pertinent facts. *See, e.g., Thomas v. International Business Machines,* 48 F.3d 478, 483 (10th Cir. 1995) (holding that district court did not abuse its discretion in entering protective order barring the deposition of the Chairman of IBM); *Salter v. Upjohn Co.,* 593 F.2d 649 (5th Cir. 1979) (holding that the district court did not commit error when it vacated a notice of deposition to defendant's president where that president did not have direct knowledge of the facts and the plaintiff had not yet sought to take the depositions of others that had knowledge of the facts).

In this instance, Mr. Cohen is like the high-level officials discussed in *Thomas* and *Salter.* As a Trust Committee member, his role is to "oversee" and "direct" the Trustee.  Trust Agreement, § 9.1 (Ex. 12).  As demonstrated in his declaration, he lacks personal, first-hand knowledge of the fraudulent conveyance involved in this action.  His deposition would serve no other purpose than to harass and burden him.  The rules contemplate a protective order in precisely these circumstances.  *See* Fed. R. Civ. P. 26(c)(1) (a protective order may issue "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").  In its correspondence with the Trust, the Defendants have explained their belief that a deposition of Mr. Cohen is appropriate because he should possess relevant information about this lawsuit that was brought on behalf of the Trust.  Ex. 5 at 3.  As explained in his declaration,

however, although Mr. Cohen has had conversations with his attorneys concerning this case, he lacks personal, first-hand knowledge of the underlying facts. Cohen Decl., ¶¶ 3-4. Thus, whatever information he possesses would be subject to the attorney-client privilege. The Defendants also state that they wish to question Mr. Cohen about a Settlement Agreement and Mutual Release entered into by DCHC and the basis for the Trust's denial that this release is enforceable against the Trust. Ex. 5 at 3. But Mr. Cohen has no personal, first-hand knowledge of the Settlement Agreement and Mutual Release in question. Cohen Decl., ¶ 5. His only knowledge of that document comes from what his attorneys have told him. *Id.* Thus, whatever information he possesses on this issue is also subject to the attorney-client privilege.

## IV.    THE COURT SHOULD QUASH THE SUBPOENA DIRECTED AT NEIL H. DEMCHICK

*Second*, the Court should quash the subpoena directed at Neil H. Demchick.

Mr. Demchick is a Managing Director of Invotex Group (formerly Maryland First Financial Services Group). Declaration of Neil H. Demchick, dated February 21, 2006, at ¶ 1. Ex. 11. He consults with the Trust's attorneys on a regular basis concerning this action, including with respect to the appropriate valuation of Columbia Michael Reese Hospital and Medical Center. *Id.* at ¶ 3. He has no personal, first-hand knowledge of the transfers at issue or the other facts associated with this adversary proceeding as they existed before the Debtors filed for bankruptcy in 2002. *Id.* at ¶ 4. His knowledge of the facts of this case derives solely from information he has obtained in connection with the Trust's pre-litigation investigation and pre-trial preparation. *Id.* at ¶ 5. The Trust has explained to the Defendants that it may designate Mr. Demchick as a testifying expert in this action. Ex. 4 at 1.

Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure authorizes a party "to depose any person who has been identified as an expert whose opinions may be presented at trial." That

rule further specifies that if "a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until *after* the report is provided." Fed. R. Civ. P. 26(b)(4)(A) (emphasis added). Pursuant to paragraph 5 of the Bankruptcy Court's scheduling order dated May 30, 2005 (Ex. 13), the disclosure of experts and the furnishing of the expert's written report shall occur simultaneously. Pursuant to the agreement of the parties, the current deadline for disclosing experts is May 12, 2006. Thus, to the extent that the Trust designates Mr. Demchick as an expert (and it is very likely the Trust will do so), any deposition of him is premature.

Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure allows a party to "discover facts known or opinions held" by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial "and who is *not* expected to be called as a witness at trial" only upon a showing of "*exceptional circumstances* under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means" (emphasis added). *See Doe v. District of Columbia*, 231 F.R.D. 27, 41 (D.D.C. 2005) (holding that defendant failed to identify "exceptional circumstances" that would justify the deposition of plaintiff's non-testifying witness because there were "other means" by which the plaintiff could discover the information it sought). Here, even if the Trust ultimately does not designate Mr. Demchick as an expert, there are no exceptional circumstances that warrant his deposition because the Defendants have numerous other means to obtain the information they seek (by, for example, deposing the officers and employees of the Debtors who actually participated in the sale of Michael Reese Hospital).

In their correspondence with the Trust, the Defendants stated that they are entitled to depose Mr. Demchick because, in response to the Defendants' interrogatories, the Trust identified Mr. Demchick as an individual with knowledge as to whether the transfers in question

8

were for "reasonably equivalent value." Ex. 5 at 3. But it is immaterial whether Mr. Demchick

possesses knowledge concerning the value of Michael Reese Hospital because, as indicated by

Rule 26(b)(4)(B), a party may not discover "facts known" to a non-testifying expert unless there

are "exceptional circumstances" that make it impracticable to obtain those facts from another

source. No such showing has been made here. The Defendants are simply not entitled to a

"preview" of Mr. Demchick's expert testimony under the guise that he is a fact witness.

## V.    THE COURT SHOULD ABSTAIN FROM RULING ON THIS MOTION UNTIL THE BANKRUPTCY COURT RULES ON THE TRUSTEE'S MOTION FOR PROTECTIVE ORDER

Because the Bankruptcy Court has greater familiarity with the issues underlying this

matter, the Trust also requests that this Court *abstain* from ruling on this motion to quash until

the Bankruptcy Court rules on the Trust's motion for protective order. *See In re: Sealed Case,*

141 F.3d 337, 342 (D.C. Cir. 1998) ("The rules may well allow similar abstention on a motion to

quash, followed by deference to the trial court's decision on a motion for a protective order; this

was the technique used in *Kearney*"); *In re Subpoenas Served on Wilmer, Cutler & Pickering*

*and Goodwin Proctor LLP*, 255 F. Supp. 2d 1, 3 (D.D.C. 2003) (citing *In re: Sealed Case* with

approval and stating that it would "abstain from ruling on the motion to quash, and will defer to

Chief Judge Barbadoro's ultimate decision on the merits"). The Trust will notify this Court once

the Bankruptcy Court has ruled upon its motion for protective order.

9

## CONCLUSION

For these reasons, the Court should grant the motion and quash the subpoenas directed at Martin L. Cohen and Neil H. Demchick.

Dated: February 24, 2006                     Respectfully submitted,

                                             **WHITE & CASE**LLP

                                             By: _____
                                             Lucius B. Lau (D.C. Bar No. 446088)
                                             701 Thirteenth St., N.W.
                                             Washington, D.C. 20005
                                             tel.: (202) 626-3600
                                             fax: (202) 639-9355

                                             *Counsel to Sam J. Alberts,*
                                             *Trustee for The DCHC Liquidating Trust*

WASHINGTON 901324 (2K)