UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>GREATER SOUTHEAST COMMUNITY HOSPITAL CORP., I, *et al.*,<br><br>　　　　　　*Debtors.* | Chapter 11<br><br>Jointly Administered<br>Bankruptcy Case No. 02-2250<br>Judge S. Martin Teel, Jr. |
| SAM J. ALBERTS, TRUSTEE FOR THE DCHC LIQUIDATING TRUST, 701 13TH STREET, N.W. WASHINGTON, D.C. 20005,<br><br>　　　　　　*Plaintiff,*<br><br>v.<br><br>HCA INC. AND GALEN HOSPITAL ILLINOIS, INC.,<br><br>　　　　　　*Defendants.* | Adv. Proc. No. 04-10366<br><br>Dist. Court No. 06-MS-00088-RMU |

**LIQUIDATING TRUSTEE'S REPLY
IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES**

Pursuant to Rule 45(c)(1) of the Federal Rules of Civil Procedure, Sam J. Alberts, the Liquidating Trustee for The DCHC Liquidating Trust ("Trustee"), respectfully files this Reply in Support of its Motion for Attorneys' Fees (the "Motion") and requests that the Court direct HCA Inc. ("HCA") and Galen Hospital Illinois, Inc. ("Galen" and collectively referred to along with HCA as the "Defendants") to pay him $2,271.50 as reasonable attorneys' fees associated with the filing of his February 24, 2006 Motion to Quash (and Request for Abstention) ("Motion To Quash"). The Motion To Quash was filed in connection with third-party subpoenas issued out of

this Court by the Defendants and directed to Martin L. Cohen and Neil H. Demchick. In further support, the Trustee states as follows.

## ARGUMENT

1.  The Defendants ostensibly raise three contentions as to why this Court should not grant the Trustee legal fees: (i) the Trustee failed to meet and confer with the Defendants prior to filing its Motion to Quash; (ii) the Trustee does not have standing to request attorneys' fees under Fed. R. Civ. Pro. 45(c)(1); and (iii) the Defendants' satisfied their duties under Fed. R. Civ. Pro. 45(c)(1). The Defendants' contentions have no merit.

### I. There Is No "Meet and Confer" Requirement For A Dispositive Motion Such As The Motion to Quash.

2.  The Defendants' first assertion that the Trustee's Motion should be denied because the Trustee failed to "meet and confer" is belied by the very Local Rule that it relies upon. Local Rule 7(m) states in relevant part:

> Before filing any ***nondispositive*** motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. (emphasis added).

Thus, no "meet and confer" requirement exists for motions that are dispositive of the case before the Court. Here, a specific case was established, Dist. Court No. 06-MS-00088-RMU, solely pursuant to the Trustee's Motion to Quash. The Motion to Quash was a dispositive motion because, if granted, Dist. Court No. 06-MS-00088-RMU would be resolved and dismissed. Consequently, the Trustee was not required to "meet and confer" prior to filing his Motion to Quash.[1]

---

[1] Nevertheless, even if there was a "meet and confer" requirement, the Trust, by letter dated February 17, 2006, requested that the Defendants treat the outstanding subpoenas that were issued by this Court as having being issued by the Bankruptcy Court to obviate the need for the Trustee to file its Motion to Quash (See Exhibit 9 to the

2

## II.     The Trust Has Standing To Seek Attorneys' Fees.

3.     The Defendants wrongly allege that the Court should deny the Trustee's Motion for Attorneys' Fees because the Trustee has no standing to request payment of its fees. Rule 45(c)(1) states as follows:

> A party or an attorney responsible for the issuance and service of a subpoena *shall* take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued *shall enforce* this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonably attorney's fee. (emphasis added).

4.     Although the statute protects third-parties, nowhere in the statute itself or the associated case law has standing to enforce this statute been limited to the third-party subject to the subpoena. Indeed, the Defendants' Opposition acknowledges that, in at least two cases, a party had standing to seek sanctions under Rule 45(c), *see Anderson v. Government of the Virgin Islands*, 180 F.R.D. 284 (D.V.I. 1998); *Spencer v. Steinman*, 1999 WL 33957391 (E.D. Pa. Feb. 26, 1999), but fails to cite any case law holding that attorneys' fees cannot be granted to a party under Rule 45(c).

5.     Even if there was a standing requirement, the Bankruptcy Court has already ruled that the Trustee had standing to object to the subpoenas at issue. *See* Order dated March 16, 2006, Adv. Pro. No. 04-10366 (Docket No. 122) (Judge S. Martin Teel) ("Plaintiff's Motion for a Protective Order . . . is GRANTED to the extent it seeks to bar the defendants from deposing Martin L. Cohen and Neil H. Demchick as fact witnesses"). Because the Trustee had standing to file its Motion for Protective Order, the Trustee has standing to seeks its attorneys' fees for the Defendants' violation of Rule 45(c)(1) because both motions are inextricably intertwined.

---

Trustee's Motion for Attorneys' Fees). Because the Defendants failed to respond the Trustee's request after seven days had past, the Trustee was compelled to file his Motion to Quash.

3

6. Finally, by its plain terms, Rule 45(c)(1) establishes ***mandatory*** duties for a party issuing a third-party subpoena and ***mandatory*** enforcement of those duties by the Court. Thus, even if there is a standing requirement and even if the Court rules that the Trustee had standing to object to the subpoenas, but not seek its fees, the Court is required to enforce the Rule 45(c) duty against the Defendants and impose an "appropriate sanction." In this scenario, the Trustee suggests that granting the Trustee his attorneys' fees is an "appropriate sanction."

**III.   The Defendants Imposed An Undue Burden And Expense On The Trustee.**

7. The Defendants contend that they satisfied their duty under Rule 45(c) because the Trustee did not give the "Defendants a chance to respond to" the Trustee's request that they withdraw their improperly filed subpoenas, the Trustee "simply did not have to file his Motion to Quash," and they consented to Judge Teel hearing the Motion to Quash and the Trustee's motion for protective order (the "Motion for Protective Order") filed in the Bankruptcy Court. *Def. Opp.* at 7, 8, and 9. The Defendants' assertions are wrong.

8. The Defendants improperly issued subpoenas from this Court relating the adversary proceeding between the parties pending in the Bankruptcy Court. When the Trustee informed the Defendants of their mistake by way of letter dated February 17, 2006, and requested that the Defendants treat the outstanding subpoenas as having been issued by the Bankruptcy Court, the Defendants failed to respond for ***seven*** days. The Defendants failure to respond compelled the filing of the Motion to Quash on February 24, 2006. Thus, contrary to the Defendants assertion that the Trustee failed to provide the Defendants an opportunity to respond, the Trustee provided the Defendants a full week to respond, but no response came. Only after the Trustee was compelled to file his Motion to Quash, did the Defendants acknowledge their mistake and withdraw their improper subpoenas on March 7, 2006.

9.      Moreover, the Trustee was compelled to file his Motion to Quash.  Although it is true that under 28 U.S.C. § 157(b), the Bankruptcy Court has the authority to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11" and "enter appropriate orders and judgments" in such cases (as Defendants point out), the authority and jurisdiction to quash third-party subpoenas issued out of the District Court was not conferred upon the Bankruptcy Court.  Moreover, the District Court's reference to the Bankruptcy Court only refers to the Bankruptcy Court "all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11," and does not include third-party subpoenas issued out the District Court.  *See* D.Ct.LBR 5011-1.  Finally, the Defendants failed to move to withdraw the reference to properly issue the third-party subpoenas out of the District Court.  Because the Bankruptcy Court had no authority to quash the improper subpoenas, the Trustee's Motion for Protective Order pending in the Bankruptcy Court could not provide the Trustee with complete relief.  Therefore, the Trustee was compelled to file his Motion to Quash.

10.     The Defendants' consent to a March 10, 2006 hearing date for the Trustee's Motion for Protective Order by letter dated February 16, 2006 did not constitute a withdrawal of the improper subpoenas, and, as such, did not avoid the Trustee's burden and expense of filing its Motion to Quash.  In other words, despite the Defendants' consent to a hearing date in the Bankruptcy Court on the Trustee's Motion for Protective Order, the Trustee still was compelled to file his Motion to Quash because the improper subpoenas were not withdrawn or replaced by subpoenas from the Bankruptcy Court.

11.     Finally, contrary to the Defendants' assertions, withdrawing the improper subpoenas on March 10, 2006, twenty-one days after the Trustee requested the Defendants

withdraw the subpoenas and fourteen days after the Trustee filed his Motion to Quash, was not "timely." *Def. Opp.* at 9.

## CONCLUSION

For these reasons and for the reasons in the Motion, the Court should grant the Liquidating Trustee's Motion and order HCA and Galen to pay him $2,271.50 as reasonable attorney's fees associated with the filing of his Motion to Quash.

Dated: April 3, 2006

Respectfully submitted,

WHITE & CASE LLP

By: _____
Lucius B. Lau (D.C. Bar No. 446088)
Jeffrey E. Schmitt (D.C. Bar No. 490013)
701 Thirteenth St., N.W.
Washington, D.C. 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Sam J. Alberts,*
*Trustee for The DCHC Liquidating Trust*

CERTIFICATE OF SERVICE

    I hereby certify that on this 3rd day of April, 2006, I caused to be served a true and correct copy of "LIQUIDATING TRUSTEE'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES" by first-class mail and electronic mail upon:

| Name and Street Address | Email Address, if any |
|---|---|
| Jeffrey W. Kilduff, Esq.<br>O'Melveny & Myers LLP<br>1625 Eye Street, NW<br>Washington, DC 20006<br><br>(Counsel to HCA Inc. and Galen Hospital Illinois Inc.) | |

/s/ Jeffrey E. Schmitt