**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SAMUEL ALBERTS, Trustee for the DCHC Liquidating Trust, | : : : | |
| Plaintiff, | : : | Misc. Case No.:    06-0088 (RMU) |
| v. | : : | Re Document Nos.: 1, 4, 5 |
| HCA INC. and GALEN HOSPITAL ILLINOIS, INC., | : : : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**DENYING THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND DENYING AS MOOT THE
DEFENDANTS' CROSS-MOTION TO STRIKE AND THE PLAINTIFF'S MOTION TO QUASH**

**I.  INTRODUCTION**

This matter is before the court on various motions arising out of certain non-party subpoenas issued by the defendants in connection with an adversary proceeding before the bankruptcy court.[1] The subpoenas were initially issued under the authority of the district court rather than the bankruptcy court. The plaintiff contends that even after the defendants agreed to ask the bankruptcy court to resolve the parties' dispute over the enforceability of the subpoenas, the defendants neglected to formally withdraw the subpoenas in the district court, forcing the plaintiff to file a motion to quash. The plaintiff asserts that by forcing him to file an unnecessary motion, the defendants imposed an undue burden justifying the award of attorney's fees under Federal Rule of Civil Procedure 45(c)(1). In opposition, the defendants assert that the plaintiff failed to comply with the "meet and confer" requirements of Local Civil Rule 7(m), that the plaintiff lacks standing to seek sanctions under Rule 45(c)(1), and that the defendants' behavior

---

[1]     The adversary proceeding, *Alberts v. HCA Inc. et al.* (Adv. Proc. No. 04-10366, D.D.C.), is pending before Judge S. Martin Teel, Jr. in the United States Bankruptcy Court for the District of Columbia.

did not impose an undue burden.  The defendants cross-move to strike the plaintiff's motion for non-compliance with Local Civil Rule 7(m).  Because the plaintiff failed to comply with Local Civil Rule 7(m) and because the plaintiff has failed to establish that the defendants imposed an undue burden, the court denies the plaintiff's motion for attorney's fees.  Furthermore, the court denies as moot the defendants' cross-motion to strike and the plaintiff's motion to quash as discussed below.

## II.  FACTUAL & PROCEDURAL BACKGROUND

On November 19, 2004, the plaintiff – the trustee in a Chapter 11 bankruptcy – initiated an adversary proceeding to recover a $71 million payment made to the defendants that allegedly constituted a fraudulent conveyance.  Pl.'s Mot. at 2.  In January 2006, the defendants informed the plaintiff that they intended to depose Samuel Alberts (the trustee and plaintiff in the adversary proceeding), Martin Cohen (a non-party member of the advisory trust committee), and Neil Demchick (a non-party financial advisor to the trust).  *Id*.  The plaintiff vehemently objected, contending that the defendants had no legitimate reason to depose him and Cohen and that the deposition of Demchick was not appropriate at this time because he had not yet been designated as an expert in the underlying actions.  *Id*., Ex. 4.  The defendants responded in a letter dated February 10, 2006, asserting that these individuals possessed relevant non-privileged information regarding the allegedly fraudulent transfer.  *Id*., Ex. 5.  Accompanying that letter were non-party subpoenas directing Cohen and Demchick to produce documents and appear for a deposition and a notice of deposition directed to plaintiff Alberts.  *Id*.  The subpoenas were issued out of the district court.  *Id*.

In response, the plaintiff rejected the justification offered by the defendants for the disputed discovery and proposed that the dispute be decided by the bankruptcy court handling the adversary proceeding. *Id.*, Ex. 7. Specifically, the plaintiff asked for the defendants' agreement that "[his] motion for protective order and motion to quash be heard by the [Bankruptcy] Court at the March 10, 2006 hearing." *Id*. In their response dated February 16, 2006, the defendants agreed that the bankruptcy court should resolve the matter and proposed a briefing schedule. *See id.*, Ex. 8. Pursuant to that agreement, the plaintiff filed a motion for a protective order in the bankruptcy court. *See id*. at 3-4.

On February 17, 2006, the plaintiff sent a one-paragraph letter to the defendants asking that they confirm that the parties had agreed "to treat the subpoenas as coming from the Bankruptcy Court." *Id.*, Ex. 9. On February 24, 2006, after receiving no response from the defendants and making no further efforts to confer with the defendants, the plaintiff filed a motion to quash the subpoenas in this court. *See id*. at 4. In his motion, the plaintiff requested that this court abstain from ruling until the bankruptcy court had ruled on his pending motion for a protective order. *See* Liquidating Trustee's Mot. to Quash & Request for Abstention at 9. On March 7, 2006, the defendants withdrew the subpoenas. *See* Defs.' Notice of Withdrawal of Subpoenas & Resp. to the Liquidating Tr.'s Mot. to Quash at 1. On March 10, 2006, the bankruptcy court ruled on the plaintiff's motion by authorizing the defendants to depose him but prohibiting them from deposing Cohen and Demchick. *See* Defs.' Opp'n, Ex. I.

The plaintiff subsequently brought this motion for attorney's fees under Federal Rule of Civil Procedure 45(c)(1) seeking to recover the costs incurred in bringing the motion to quash in this court. The plaintiff's motion to quash and motion for attorney's fees, together with the

3

defendants' cross-motion to strike, are the only matters related to this dispute brought before this court.[2]

### III.  ANALYSIS

#### A.  Local Civil Rule 7(m)

##### 1. Legal Standard for Local Civil Rule 7(m)

Local Civil Rule 7(m) provides that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, *either in person or by telephone*, in a good-faith effort to determine whether there is any opposition to the relief sought and . . . to narrow the areas of disagreement."  LCvR 7(m) (emphasis added).  "The purpose of the Local Rule is to promote the resolution of as many litigation disputes as possible without court intervention, or at least to force the parties to narrow the issues that must be brought to the court."  *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006).  Failure to comply with the rule will result in denial of the motion.  *See*, *e.g.*, *Abbott GmbH & Co. KG v. Yeda Research & Development, Co.*, 576 F. Supp. 2d 44, 48 (D.D.C. 2008) (denying motion under Local Civil Rule 7(m) where the movant waited until the day of filing to call opposing counsel regarding the motion); *U.S. ex rel. K&R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006) (denying a motion to strike for failure to comply with Local Civil Rule 7(m)); *Ellipso*, 460 F. Supp. 2d at 102 (denying discovery motions absent "any hint that [the parties] discussed the motions in person or by phone as required").

##### 2. Rule 7(m) Applies to the Plaintiff's Motion for Attorney's Fees

The defendants argue that the court should deny and strike the plaintiff's motion because the plaintiff failed to comply with Local Civil Rule 7(m).  Defs.' Opp'n at 4-5.  They note that

---

[2]  Because the defendants withdrew their subpoenas, the plaintiff's motion to quash is moot.

4

"[a]t no point prior to filing his Motion to Quash or his Motion for Attorney's Fees did Plaintiff discuss the substance of the motions with the Defendants' counsel, either in person or by telephone." *Id.* at 5. The plaintiff responds that he was not required to meet and confer prior to filing because this motion is a "dispositive" motion to which Local Civil Rule 7(m) does not apply. Pl.'s Reply at 2. The plaintiff suggests that the court should treat the instant motion as dispositive because of its relationship to the motion to quash, which he contends was a dispositive motion in that its resolution would dispose of all matters in dispute before this court. *Id*.

There is no dispute that the plaintiff failed to discuss the instant motion with opposing counsel "in person or by telephone" prior to filing. Following the parties' agreement to litigate this matter in the bankruptcy court, the only communication regarding the subpoenas was the plaintiff's one paragraph letter of February 17, 2006, which requested only that the defendants confirm their understanding that the subpoenas should be treated as coming from the bankruptcy court. *See* Pl.'s Mot., Ex. 9. At no point did the letter indicate that the plaintiff intended to seek any affirmative relief or sanctions in this court. *See id*. While the court is sensitive to the fact that the defendants failed to respond, the defendants' silence does not excuse the plaintiff from making any effort to confer with the defendants in person or by telephone as required by the Local Civil Rule.

The court is not persuaded by the plaintiff's argument that his motion for attorney's fees is a dispositive motion to which Local Civil Rule 7(m) does not apply. The plaintiff asks this court to sanction the defendants pursuant to Federal Rule of Civil Procedure 45(c) for abusing the subpoena power. *See* FED. R. CIV. P. 45(c)(1) (authorizing the court to award reasonable attorney's fees as "an appropriate sanction" for issuing unduly burdensome subpoenas). Courts

in this jurisdiction have held that motions for discovery-related sanctions are nondispositive motions for purposes of Local Civil Rule 7(m).  *See U.S. ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr.*, 433 F. Supp. 2d 104, 111-12 (D.D.C. 2006) (observing that "it is clear that a motion for sanctions is a nondispositive motion" and therefore subject to the meet and confer requirements of the Local Civil Rules); *Sokos v. Hilton Hotels Corp.*, 283 F. Supp. 2d 42, 55 (D.D.C. 2003) (denying the plaintiff's motion for sanctions because of the plaintiff's failure to comply with Local Civil Rule 7(m)).

Moreover, even if the court were to consider the motion to quash a dispositive motion, the fact remains that Local Civil Rule 7(m) "clearly states that it applies to '*any* nondispositive motion,' and provides no exception for motions relating to dispositive motions."  *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 26 (D.D.C. 2001) (rejecting the plaintiff's effort "to read into [Local Civil Rule 7(m)] an exception for motions that are 'closely intertwined' with dispositive motions").  Thus, the relationship between the motion for attorney's fees and the motion to quash in no way transforms the former application into a dispositive motion.

Accordingly, the court concludes that the plaintiff's motion to award attorney's fees to the plaintiff as discovery sanctions under Federal Rule of Procedure 45(c)(1) is a nondispositive motion to which Local Civil Rule 7(m) applies.  Because, however, the plaintiff's motion for attorney's fees fails on the merits, the court denies as moot the defendants' motion to strike.  *See Ciralsky v. CIA*, 355 F.3d 661, 674 (D.C. Cir. 2004) (noting a preference for resolving disputes on the merits).

**B. The Court Denies the Plaintiff's Motion for Attorney's Fees**

**1. Legal Standard For Imposing Sanctions Under Rule 45(c)(1)**

Federal Rule of Civil Procedure 45(c)(1) provides that a party issuing a subpoena has a duty "to take reasonable steps to avoid imposing undue burden or expense" on the person subject to the subpoena, and that "the issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." FED. R. CIV. P. 45(c)(1). Whether an undue burden has been imposed must be determined according to the facts of the case. *See Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998).

Courts have identified undue burden in certain circumstances in which a party's refusal to withdraw a subpoena compels the filing of a motion to quash. *See Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 WL 23018833, at *9 (S.D.N.Y. Dec. 23, 2003) (imposing sanctions for refusing to withdraw a subpoena issued for the improper purpose of obtaining information for a parallel state court proceeding). The mere fact, however, that a disputed subpoena is ultimately deemed unwarranted does not, standing alone, demand the imposition of sanctions. *See Scott v. Burress*, 2008 WL 585072, at *6-7 (E.D. Mich. Mar. 3, 2008) (holding that the magistrate judge improperly awarded sanctions despite the fact that the subpoenas were improper because "there is no indication in his memorandum opinion that he found [the] subpoena to have been issued in bad faith"); *Builders Ass'n of Greater Chi. v. City of Chicago*, 215 F.R.D. 550, 554 (N.D. Ill. 2003) (vacating the magistrate judge's award of sanctions under Rule 45(c)(1) absent a determination that the quashed subpoenas were issued in bad faith); *Alexander v. FBI*, 186 F.R.D. 188, 196-97 (D.D.C. 1999) (holding that sanctions were not warranted despite the fact that the court ultimately deemed irrelevant the documents sought in the subpoena because the

"plaintiffs' subpoenaing of this subject matter was not overbroad or improper" and the plaintiffs' motion to compel was "not brought in bad faith").

## 2. The Plaintiff Has Failed to Demonstrate that the Defendants' Behavior Imposed an Undue Burden

The plaintiff contends that by neglecting to formally withdraw the subpoenas in the district court, the defendants forced him to incur the unnecessary cost of filing a motion to quash in this court. Pl.'s Mot. at 5-6. The defendants respond that the plaintiff, as a party rather than the recipient of the subpoena, lacks standing to seek sanctions under Rule 45(c)(1). Defs.' Opp'n at 5-6. Furthermore, the defendants assert that their behavior did not impose an undue burden on the plaintiff, as the defendants had already consented to having the bankruptcy court decide the enforceability of the subpoenas. *See id*. at 7-9.

As to the defendants' argument that the plaintiff lacks standing, the court notes that nothing in the language of the rule compels a categorical bar prohibiting parties from seeking sanctions under Rule 45(c)(1). *See* FED. R. CIV. P. 45(c)(1). Indeed, courts have found it appropriate under certain circumstances to award sanctions to parties under Rule 45(c)(1). *See Kenney, Becker LLP v. Kenney*, 2008 WL 681452, at *3 (S.D.N.Y. Mar. 6, 2008) (awarding attorney's fees and costs to the defendant "[i]n light of the obvious impropriety of the subpoena, the unwarranted burden it imposed on a third party, and these plaintiffs' particular history of vexatious conduct"); *Anderson v. Gov't of the Virgin Islands*, 180 F.R.D. 284, 291-92 (D.V.I. 1998) (awarding sanctions to the defendant because the subject subpoenas were not properly served and contained numerous other defects). Accordingly, the court declines to hold that the plaintiff lacks standing to seek sanctions under Rule 45(c)(1).

The circumstances of this case, however, do not warrant sanctions, as underscored by *Night Hawk Ltd. v. Briarpatch Ltd.*, the principal authority on which the plaintiff relies. *See*

*Night Hawk*, 2003 WL 23018833, at *9.  The court in *Night Hawk* imposed sanctions after a party refused to withdraw a subpoena that sought information regarding an entity that was no longer a party to the case and which was issued for the patently improper purpose of obtaining information for a separate state court proceeding.  *See id.*  This type of blatant abuse of the subpoena power is a common thread running through decisions in which sanctions have been awarded under Rule 45(c)(1).  *See id.*; *Kenney*, 2008 WL 681452, at *2 (imposing sanctions after determining that "the subpoena issued by plaintiff's counsel was blatantly improper for numerous reasons, all of which suggest that plaintiffs had no proper basis for the subpoena and were acting in bad faith"); *Am. Int'l Life Assurance Co. of N.Y. v. Vazquez*, 2003 WL 548736, at *3 (S.D.N.Y. Feb. 25, 2003) (awarding sanctions because "[t]he sweeping subpoena seeking '[a]ny and all records pertaining to the [AIG interpleader]' was *prima facie* improper").

The defendants' behavior simply does not rise to this level.  As an initial matter, there is little evidence that the subpoenas themselves were patently improper.  The defendants have maintained that Cohen, a member of the trust steering committee, and Demchick, a financial advisor for the trust, both possessed relevant non-privileged information concerning the allegedly fraudulent transfer at the center of the underlying dispute.  *See* Pl.'s Mot., Ex. 5.  While this justification seems somewhat dubious based on the limited factual presentation to this court, there is nothing to indicate the type of blatant abuse of the subpoena power present in *Night Hawk* or other cases in which sanctions were awarded.[3]  Although the bankruptcy court ultimately issued a protective order as to Cohen and Demchick, the court permitted the defendants to depose the plaintiff and declined to award attorney's fees to the plaintiff.  Defs.' Opp'n at 4.

---

[3] Indeed, the plaintiff objected to the deposition of Demchick only on the grounds that it was premature because he had not yet been designated as an expert.  *See* Pl.'s Mot., Ex. 6.

9

Nor has the plaintiff demonstrated that the defendants' failure to withdraw the subpoenas reflects blatantly improper conduct by the defendants.  As a matter of professional courtesy, the defendants might have responded to the plaintiff's February 17 letter requesting confirmation that the subpoenas were to be treated as coming from the bankruptcy court.  It is, however, significant that just one day prior, the defendants had consented to the plaintiff's request to have the bankruptcy court hear the plaintiff's "motion for protective order *and motion to quash*."  Pl.'s Mot., Ex. 7 (emphasis added).  This consent lends credence to the defendants' contention that it was unnecessary to formally withdraw the subpoenas because they had already consented to the bankruptcy court's jurisdiction over the issued subpoenas.  While this fact does not entirely excuse the defendants' behavior, the defendants' good faith belief that they had already complied with the plaintiff's request militates against the imposition of sanctions.  *See Alexander*, 186 F.R.D. at 196-97 (holding that sanctions were not warranted because the subpoenas were not plainly overbroad and there was no evidence of bad faith).  Indeed, it is likely that had the plaintiff complied with Local Civil Rule 7(m) and sought to confer with the defendants in person or by telephone regarding the status of the subpoenas, it would not have been necessary to file the motion to quash.

Given the absence of bad faith, the reasonableness of the defendants' conduct, and the minimal burden imposed,[4] the plaintiff has not demonstrated that the defendants' behavior imposed an undue burden on him.  Accordingly, Rule 45(c)(1) sanctions are not warranted under the circumstances of this case.

---

[4] The plaintiff's motion to quash was substantively identical to the motion for a protective order submitted to the bankruptcy court four days earlier.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for attorney's fees.  In addition, the court denies as moot the defendants' cross-motion to strike the plaintiff's motion to quash.  An order consistent with this Memorandum Opinion is issued this 19th day of May, 2009.

RICARDO M. URBINA
United States District Judge
